407 So.2d 906 (1981)
THE FLORIDA BAR, Complainant,
v.
John N. SAMAHA, Respondent.
No. 59834.
Supreme Court of Florida.
December 3, 1981.
Stanley A. Spring, Staff Counsel, Tallahassee, Scott K. Tozian and John A. Boggs, Bar Counsels, and Dale E. Krout, Jr., Asst. Staff Counsel, Tampa, and James R. Case, Chairman, Sixth Judicial Circuit Grievance Committee "C", Clearwater Beach, for complainant.
Michael L. Kinney, Tampa, for respondent.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against John N. Samaha, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee's report and record were duly filed with this Court. No petition for review pursuant to article XI, Rule 11.09(1) of the Integration Rule of The Florida Bar has been filed.
Having considered the pleadings and evidence, the referee found as follows:
That respondent represented Mr. Idris Evans in a workman's compensation claim pursuant to Chapter 440 of the Florida Statutes. That as a result of his representation, the respondent was awarded a fee of $1,000 by order of Judge Jonathon L. Alpert, Judge of Industrial Claims, dated July 13, 1978. In addition to the $1,000 awarded to the respondent as his fee, respondent withheld additional $5,000 from Mr. Evans' recovery from the workman's compensation claim. Thereafter, Mr. Evans complained of this additional taking to Terry Sue Turner, a rehabilitation nurse. Subsequent thereto, Ms. Turner informed Judge Alpert of Mr. Evans complaint.
In October, 1978, Judge Alpert discussed the $5,000 fee with the respondent and informed the respondent that the fee was illegal and in contravention of Chapter 440.34 of The Florida Statutes. The respondent continued to maintain his right to the additional $5,000 fee until found guilty of receiving an unapproved fee in State v. John N. Samaha, Case No. CTC7901810 MASO in the Sixth Judicial Circuit in and for Pinellas County, Florida. As a result of that criminal matter, respondent was ordered to make restitution to Mr. Evans in the amount of $5,000, which restitution has now been made.
The referee recommends that respondent be found guilty of violating Disciplinary Rule 2-106(A) and 9-102(B)(4) of the Code of Professional Responsibility of The Florida Bar and Rule 11.02(3)(a) and (4) of Article XI of the Integration Rule of The Florida Bar and recommends that respondent receive a public reprimand.
*907 Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, John N. Samaha, is hereby publicly reprimanded and the publication of this order and judgment shall constitute a public reprimand.
Costs in the amount of $325.25 are hereby taxed against respondent.
It is so ordered.
ADKINS, Acting Chief Justice, and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.