526 So.2d 912 (1988)
THE FLORIDA BAR, Complainant,
v.
David PASCOE, Respondent.
No. 70336.
Supreme Court of Florida.
June 23, 1988.
*913 John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and Susan V. Bloemendaal, Asst. Staff Counsel, Tallahassee, for complainant.
David Pascoe, Fort Walton Beach, in pro. per.
PER CURIAM.
This case is a disciplinary proceeding brought by The Florida Bar against attorney David Pascoe. The referee found the respondent guilty of four counts of violation of certain Integration Rules of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility. The Florida Bar seeks review of the referee's report, claiming it is too lenient, and the respondent seeks review, claiming it is too severe.
The referee found (1) that the respondent placed an advertisement relating to divorce in a Fort Walton Beach newspaper that The Florida Bar found ethically improper, the respondent withdrawing the ad when he was so notified; (2) that respondent was arrested and pled nolo contendere to the misdemeanor possession of less than twenty grams of marijuana that came about by smoking the drug with friends in a social atmosphere; (3) that respondent made comments concerning a federal court action that were interpreted as improper criticism of the court, for which the respondent later apologized; (4) that respondent did not timely handle an appeal of a criminal matter for which he was court-appointed counsel.
The referee found respondent guilty of violating the following Disciplinary and Integration Rules: Count One: Disciplinary Rule 2-101(C)(5) (use of a form of public communication which appeals primarily to a layperson's desire for revenge or spite) and 2-101(C)(6) (use of a form of public communication which is intended or is likely to attract clients by use of showmanship and hucksterism, including the use of garish and sensational language); Count Two: Integration Rules 11.02(3)(a) (commission of acts contrary to good morals) and Rule 11.02(3)(b) (public commission of illegal acts); Count Three: Disciplinary Rule 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); Disciplinary Rule 7-106(C)(1) (alluding to other matters that the attorney had no reasonable basis to believe were relevant to the case and would not be supported by admissible evidence while appearing in his professional capacity before a tribunal) and Disciplinary Rule 7-106(C)(6) (engaging in undignified or discourteous conduct while appearing in a professional capacity before a tribunal) and Disciplinary Rule 6-101(A)(2) (handling a legal matter without adequate preparation); and Count Four: Disciplinary Rules 6-101(A)(3) (neglecting a legal matter entrusted to him by failing to file required pleadings and brief at the required times and by failing to acquaint himself with the rules of appellate procedure), 7-106(C)(6) (engaging in discourteous and undignified conduct which is degrading to a tribunal and disregarding the rules of appellate procedure), and 7-106(C)(7) (intentionally and *914 habitually disregarding the rules of appellate procedure).
The referee recommended that the respondent receive a public reprimand and be placed on probation for the period of eighteen months. Further, the referee suggested the terms of the probation require respondent to take and pass the ethics portion of the Florida Bar examination, and to pay all costs associated with these grievance proceedings.
Mr. Pascoe contends that his conduct constitutes examples of only "minor misconduct" and, as a result, the recommended sanction of a public reprimand is overly severe. The Florida Bar, on the other hand, maintains that, although each violation would probably merit only a public reprimand, collectively they merit at least a ninety-one day suspension, together with court costs and a requirement that Pascoe be required to successfully complete the professional ethics portion of the bar examination within eighteen months of the imposed sanctions.
We approve the referee's findings of fact and his recommended discipline except we increase the probationary period from eighteen months to three years. In doing so, we note that the drug offense is somewhat different from other matters this Court has recently considered in that there was no evidence that the respondent had brought the marijuana to the occasion or had any in his possession other than what he was actually smoking. The Bar recognizes this would be a reprimand offense if it were not coupled with the other matters. In accordance with the referee's recommendation, respondent is further required to take and pass the ethics portion of The Florida Bar examination prior to his satisfactory completion of his probation.
The costs of this proceeding are taxed against the respondent. Judgment for costs is entered against David Pascoe in the amount of $1,590.15, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH and GRIMES, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which SHAW and KOGAN, JJ., concur.
BARKETT, Justice, concurring specially.
I agree with the punishment imposed by the majority as to the drug offense. I would, however, find him not guilty as to counts one and three.
Count one is based upon an advertisement which the Bar concedes ran only one time. Thus, the Bar does not accuse respondent of defying the Bar's warning and continuing to advertise improperly. Rather, the gravamen of this charge is encapsulated by the Bar's attorney at the hearing as follows:
[Respondent] testified at the grievance committee that he did not intend to run the ad again and had not run the ad since receipt of the letter; however, he did reject the Bar's pronouncement that it was an inappropriate ad and should not be used. That subjects him, pursuant to Bar policy, to the disciplinary proceedings. [Emphasis added.]
The "rejection" of the Bar's pronouncement was respondent's reply to the Bar's letter, as follows:
To Dennis Crowley:
Surely, just because you think the ad is "improper" doesn't mean I can't use it again. Aren't I due more than one individual's opinion that it "neither comports with the dignity of the profession nor promotes public confidence in our legal system." I don't consider the ad improper  humorous  but not improper.
And who complained? Don't I have the right to know who's complaining about it?
P.S. Is the Florida Bar so self important that they can flaunt it by not using an address?
 Sincerely,
 David Pascoe
Punishment is for conduct, not for exercising a first amendment right to express an opinion which may differ from the Bar's or anyone else's views, including ours.
*915 The first part of count three results from the filing of a multi-defendant civil rights complaint which respondent voluntarily dismissed as to some of the parties. Costs and fees were assessed, not against the client as asserted by Bar counsel at the hearing, but personally against respondent, all of which have been paid by him. Respondent's unrefuted testimony established that he had spent some one hundred and eighty hours researching that case. Mistakenly suing the governmental agencies rather than the individual law enforcement officers of the agencies, standing alone, surely cannot support a conclusion that DR 6-101(A)(2) (handling a legal matter without adequate preparation) has been violated.
The second part of count three pertains to the Bar's allegation that respondent violated DR 7-106(C)(1) for alluding to a matter which is not relevant or not supported by the evidence in an appearance before a tribunal, and DR 7-106(C)(6) for engaging in discourteous conduct which is degrading to a tribunal. Specifically, the complaint is that respondent "implied that justice was for sale." It is a disservice not to explain the context of respondent's comment. It occurred in a Motion for Reduction of Sentence filed by respondent in 1982[*] on be half of a client, as follows:

MOTION FOR REDUCTION OF SENTENCE
Defendant states:
1. He plead (sic) guilty to possession of marijuana. According to the evidence, the quantity was "two cigarette butts and sufficient quantity to roll one cigarette."
... .
3. He has no prior criminal record; married with two children; poor; black; 33 years old; lost his good job because of his arrest; and was working full time on another job prior to sentencing.
... .
6. This Court sentenced him to the MAXIMUM JAIL TIME ... i.e., one year ...
7. Another recent case in the same Court:
(a) Defendant John L. Hendrick.
(b) Alleged owner of Crest Lounge and Liquor Store in Crestview, Florida.
(c) Arrested and charged with five felonies that carry a maximum 25 years jail.
(d) Five felonies dismissed with leave of this Court.
(e) Charged with four alleged misdemeanors with allegedly a maximum of four years jail time.
(f) Sentenced to NO JAIL TIME by Magistrate's Court.
(g) Fined approximately $52,100.00 plus gave up "jewelry" and a "1974 Lincoln Town Car."
(h) The alleged crimes involved dealing in firearms and illegal food stamps.
8. Is that equal justice?
9. Is justice for sale?
Chief Judge Stafford wrote respondent as follows:
Dear Mr. Pascoe:
... .
Paragraph 8 asks, "Is that equal justice?" This is followed by paragraph 9 which contains this question, "Is justice for sale?" Forgetting for the moment whether a question is even proper style for a motion, I believe this Court is entitled to know the substance of those two inquisitorial allegations. If you have some reason to suspect that Senior Judge Arnow and the Magistrate of this Court, or either of them, is engaged in any illegal, unethical or other improper judicial conduct, then you have a duty to report the facts to the proper authority. If on the other hand, you were merely overly exuberant in stating your position, then you have an equal duty to rectify the matter by letters to Judge Arnow and Magistrate Crongeyer with copies to the Court file.

*916 My concern is that you may have inadvertently done them, and yourself, a disservice by a poor choice of language in drafting your motion. Some persons might construe the Motion as a suggestion by you that these two judicial officers were not dispensing equal justice, or even more disturbing, that justice was for sale in this Court.
As noted above, if this was truly your intent, then you have an ethical duty to do more than suggest it in a motion. If this was not your intent, then as a member of the Florida Bar and officer of this Court, you should see to it that no such implication can remain against these two men. In either event, I shall expect you to attend to this immediately.
 Very truly yours,
 William Stafford
 Chief Judge
Respondent's reply to Judge Stafford, dated September 3, 1982, stated:
To Judge Stafford:
I have no evidence whatsoever that Judges Arnow and/or Crongeyer are engaged in "any illegal, unethical, or other improper judicial conduct" or "that justice was for sale" (as far as they are concerned). In fact, now that I've been asked to state my opinion, I have the greatest of respect for the two judges. The only evidence I have of "not dispensing equal justice" is included in my Motion for Reduction of Sentence, which I consider a glaring example of unequal justice. But, certainly not unique. A basic default with our justice system. I had hoped that where this unequal sentencing was pointed out to Judge Arnow with "is justice for sale" and "is that equal justice," he would rectify it. I believe the dispensing of unequal justice assists in supporting the low opinions of many of our judicial system. Read over my motion and see if it doesn't.
It is wrong, I do not agree with it, and therefore I'll fight it.
 Sincerely,
 David Pascoe
I think it clear there were no "allegations" against the judges in question but merely an unorthodox motion filed by respondent in an effort to obtain what he believed was a fair sentence for his client. Accordingly, I cannot conclude that discipline is proper for this alleged misconduct.
SHAW and KOGAN, JJ., concur.
NOTES
[*] I also question the prosecution of this incident after a six-year delay.