557 So.2d 1349 (1990)
THE FLORIDA BAR, Complainant,
v.
John N. SAMAHA, Respondent.
No. 72835.
Supreme Court of Florida.
February 8, 1990.
Rehearing Denied April 12, 1990.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and David R. Ristoff, Branch Staff Counsel, Tampa, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
The Florida Bar petitions this Court to review the referee's report recommending that John N. Samaha be publicly reprimanded. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee's findings of fact are as follows:
In July, 1986, a young lady employed the Respondent to represent her in a personal injury claim growing out of a May, 1986, automobile accident. At the time of employment, the young lady was 19 years old with a ninth grade education and single with a four year old daughter.
The Respondent, at his law office and again at the young lady's apartment, under the guise that it was necessary to prepare the personal injury action, did, without the approval of the young lady, touch her on the back and thighs. He photographed her, in her bedroom, partially nude and wearing a Tens Unit.[[*]] The young lady became angry and as soon as Respondent left her apartment she reported the incident to the police. The Respondent was charged and later entered a no contest plea to Battery in the County Court of Pinellas County.
Based on these facts, the referee recommended that Samaha be found guilty of the following ethical breaches: committing an act contrary to honesty, justice, or good morals; engaging in illegal conduct involving moral turpitude; committing a misdemeanor; and engaging in conduct that adversely reflects on the fitness to practice law. Prior to recommending discipline, the referee took into account the fact that Samaha previously has been publicly reprimanded by this Court. The Florida Bar v. Samaha, 407 So.2d 906 (Fla. 1981). The referee then recommended discipline of another public reprimand and a year's probation with psychological counseling as an express condition.
Samaha asks us to affirm the referee's report in all respects. The Florida Bar, on the other hand, argues that Samaha's actions were a serious ethical breach deserving of suspension from the Bar and probation with psychological counseling as a condition of that probation.
Initially, we adopt the referee's findings of fact, which neither party challenges. Based upon these findings, we conclude that the referee has not recommended discipline proportionate to the seriousness of Samaha's offense. Samaha's actions against his client are highly serious and deserve more than a reprimand.
*1350 Even the slightest hint of sexual coercion or intimidation directed at a client must be avoided at all costs. In this instance, the referee has found that Samaha went far beyond the limits of propriety. Samaha deceived his client into believing she was obligated to partially disrobe and permit him to touch and photograph her in order to prepare an adequate case. This was a ludicrous deception that could have served no purpose other than the personal gratification of Samaha. During the process of this bizarre "examination," Samaha committed a battery upon his client. These acts constituted direct physical abuse of the client's person and of her personal rights.
We are not persuaded by Samaha's reliance upon a variety of cases in which he alleges that more serious conduct resulted in less discipline than we now impose. Some of these involve possession of small amounts of illegal drugs. E.g., The Florida Bar v. Weintraub, 528 So.2d 367 (Fla. 1988); The Florida Bar v. Pascoe, 526 So.2d 912 (Fla. 1988). Others involve improprieties that resulted in no injuries to anyone. E.g., The Florida Bar v. Betts, 530 So.2d 928 (Fla. 1988).
We cannot equate these cases with deliberate emotional and physical coercion of a client. This particularly is true where, as here, the coercion results in the commission of a battery, the taking of embarrassing photographs and a physical touching that, at a minimum, carries strong sexual overtones. Samaha's activities could not help but result in psychological harm to his client, possibly of serious proportions. Improprieties that directly and intentionally harm others always are serious offenses in the eyes of this Court. We do not in any sense believe the present case falls within the precedent cited by Samaha, because none of those cases involve deliberate physical and emotional abuse of a client.
Accordingly, we suspend John N. Samaha from the practice of law for a period of one year commencing on March 12, 1990 and thereafter until he has proven rehabilitation to the satisfaction of The Florida Bar. Upon the release of this opinion, Samaha shall not accept any new business and shall take all steps necessary to protect the interests of his present clients. If Samaha is readmitted, he then shall be placed on probation for a period of one year thereafter; and during this time Samaha shall undergo or continue psychological counseling under conditions to be established by The Florida Bar. In establishing these conditions, The Florida Bar shall take into account any psychological counseling Samaha voluntarily undertakes during his efforts to rehabilitate himself. Judgment for costs is entered in favor of The Florida Bar in the amount of $1,127.88, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., did not participate in this case.
NOTES
[*] This apparently is a small medical device that is attached to the patient's back.