605 So.2d 459 (1992)
THE FLORIDA BAR, Complainant,
v.
G. Stewart McHENRY, Respondent.
No. 76724.
Supreme Court of Florida.
September 24, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Susan V. Bloemendaal, Asst. Staff Counsel, Tampa, for complainant.
Bruce Rogow and Beverly A. Pohl of Bruce S. Rogow, P.A., Ft. Lauderdale, for respondent.
PER CURIAM.
Both the Florida Bar and G. Stewart McHenry, a member of the bar, petition this Court to review the referee's report recommending that McHenry be suspended from the practice of law for two years. We have jurisdiction pursuant to article V, section 15, Florida Constitution. Given the serious nature of the misconduct in this case, we hereby disbar McHenry from the practice of law in the State of Florida.
The allegations contained in count I of The Florida Bar's complaint relate to McHenry's representation of Miriam Lopez. *460 On October 24, 1988, McHenry met with Lopez in his office regarding her involvement in an automobile accident. He questioned Lopez about the injuries she sustained and she showed him the location of her injuries by placing her hands on her neck and rib cage. Under the guise of conducting a physical examination, McHenry then walked toward Lopez and placed his hands on her neck, arms, rib cage, and back. While touching her, he explained that it was necessary that he, as her attorney, be familiar with the precise nature of her injuries. McHenry then returned to his desk, sat down, and began making motions with his arm and body consistent with the act of masturbation. Lopez then excused herself from the room and immediately left his office.
Count II of the complaint relates to McHenry's conduct while representing Wanda Ferguson. On August 17, 1987, Ferguson consulted McHenry regarding her involvement in an automobile accident and retained him to handle her personal injury claim. During one of her subsequent visits to his office, Ferguson observed that McHenry masturbated while speaking to her. The referee found that Lopez and Ferguson never communicated to one another about their similar experiences with McHenry.
For both counts I and II, the referee recommended that we find McHenry guilty of violating rules 3-4.3[1] and 4-8.4(b)[2] of the Rules Regulating The Florida Bar. The referee found that McHenry's office was a place where the public was invited and thus, based on his conduct in the presence of Ferguson, McHenry committed the crime of exposure of sexual organs.[3] As a disciplinary measure, the referee recommended that McHenry be suspended for two years and thereafter until he shall prove mental and ethical rehabilitation.
McHenry asks this Court to disapprove the referee's report and suggests that an appropriate punishment would be no more than a ninety-day suspension. The Florida Bar, on the other hand, argues that McHenry's violations, coupled with his prior disciplinary record,[4] warrant disbarment from the practice of law. We agree.
Although McHenry disputes the referee's factual findings and the weight of the evidence, the referee's findings will be upheld unless they are clearly erroneous or lacking in evidentiary support. The Florida Bar v. Scott, 566 So.2d 765 (Fla. 1990). We conclude that the testimony of Lopez and Ferguson provides competent and substantial evidence to support the referee's findings with respect to McHenry's sexual misconduct. As stated in The Florida Bar v. Samaha, 557 So.2d 1349, 1350 (Fla. 1990), "[e]ven the slightest hint of sexual coercion or intimidation directed at a client must be avoided at all costs." McHenry's act of touching Lopez constituted a battery upon his client and his act of masturbation in front of Ferguson also constituted a criminal offense. His conduct in the presence of these two clients reflects adversely on his fitness as a lawyer and on the reputation and dignity of the profession.
We reject McHenry's argument that the instant case falls within the precedent established in Samaha. As part of a sham physical examination, the attorney in Samaha touched his client without her consent and photographed her partially nude. Taking into account the fact that Samaha had been publicly reprimanded for a previous *461 violation, this Court suspended him for one year and until he proved rehabilitation. In the instant case, however, McHenry has received two prior public reprimands. In addition, whereas Samaha had committed a battery on only one client, McHenry has committed professional violations involving two separate clients.
McHenry asserts that his past disciplinary record should not be considered an aggravating factor relevant to our evaluation of the appropriate discipline for the present charges against him. We recognize that McHenry's prior violations of the professional rules were associated with and explained somewhat by his former addiction to alcohol. Even so, his prior conduct sheds light upon his character and fitness to practice law. His behavior toward two of his clients in the two separate incidents at issue in this case demonstrates severe moral turpitude, and his character and conduct are wholly inconsistent with approved professional standards. State ex rel. The Florida Bar v. Oxford, 127 So.2d 107 (Fla. 1960). Under no circumstances should clients be exposed to the type of conduct exhibited by McHenry. It breeds contempt and distrust of lawyers to permit a lawyer involved in such conduct to remain a lawyer.
For these reasons, we hereby disbar McHenry from the practice of law in the State of Florida. This disbarment will be effective thirty days from the date of this opinion, giving McHenry an opportunity to take the necessary steps to close out his practice and protect the interests of his clients. Furthermore, he shall accept no new business from the date of this opinion. Judgment for costs in the amount of $4,346.74 is hereby entered against McHenry, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
SHAW, J., recused.
NOTES
[1] Rule Regulating The Florida Bar 3-4.3 provides in pertinent part: "The commission by a lawyer of any act which is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise ... and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline."
[2] Rule 4-8.4(b), Rules Regulating The Florida Bar, provides in pertinent part: "A lawyer shall not: ... (b) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."
[3] Section 800.03, Florida Statutes (1989), provides in pertinent part: "It shall be unlawful for any person to expose or exhibit his sexual organs in any public place ... in a vulgar or indecent manner, or so to expose or exhibit his person in such place, or to go or be naked in such place."
[4] We publicly reprimanded McHenry on two prior occasions. The Florida Bar v. McHenry, 478 So.2d 50 (Fla. 1985); The Florida Bar v. McHenry, 536 So.2d 245 (Fla. 1988).