# Supreme Court of Florida

_____

No. SC17-1514
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**ANTHONY WAYNE BLACKBURN,**
Respondent.

[May 24, 2018]

PER CURIAM.

We have for review a "Report of Referee Accepting Consent Judgment,"

recommending that Respondent, Anthony Wayne Blackburn, be found guilty of

professional misconduct in violation of the Rules Regulating the Florida Bar (Bar

Rules) and suspended from the practice of law for a period of eighteen months.

We have jurisdiction. *See* art. V, § 15, Fla. Const. As more fully explained below,

after consideration of the referee's report, the guilty plea and consent judgment, the

response to the Court's order to show cause why the referee's recommended

discipline should not be disapproved and a more severe sanction, up to and

including disbarment, be imposed, and the Bar's reply, we disapprove the proposed discipline and disbar Respondent.

## FACTS

On August 10, 2017, The Florida Bar filed a complaint against Respondent, who was admitted to the Bar on September 24, 2005. The complaint was referred to a referee, and the referee accepted the "Conditional Guilty Plea for Consent Judgment" in a report filed with the Court on October 20, 2017, and in an amended report filed on November 1, 2017.[1]

Based on the parties' consent judgment, the referee recommended that Respondent be found guilty of violating Bar Rules 3-4.4 (Misconduct), 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct), 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects), and 4-8.4(i) (a lawyer shall not engage in sexual conduct with a client or a representative of a client that exploits or adversely affects the interests of the client or the lawyer-client relationship). As provided by the consent judgment, the referee also recommended an eighteen-month suspension, that Respondent complete The Florida Bar's Ethics School as a condition precedent to reinstatement, that

_____

1. The amended report was filed to correct the date of admission and to add language recommending that the suspension begin in January or February.

Respondent contact Florida Lawyers Assistance, Inc. (FLA, Inc.) to schedule an evaluation and to abide by all recommendations made by FLA, Inc., and that he be assessed costs in the amount of $1,688.51.

The facts underlying the disciplinary proceedings are as follows. On September 16, 2016, Respondent was arrested and charged with battery pursuant to section 784.041(1)(a), with solicitation of prostitution pursuant to section 796.07(2)(f), and with exposure of sexual organs pursuant to section 800.03, Florida Statutes (2016), in Duval County, Florida. According to the Arrest Warrant Affidavit, on September 3, 2016, Respondent visited two female clients that he was representing in criminal matters while they were incarcerated at the Pretrial Detention Facility. In adjacent rooms at the detention facility, Respondent and the women engaged in sexual activities initiated by Respondent. Respondent solicited the sexual conduct with one client by depositing money into her personal bank account and with the other client by promising free or discounted legal services designed to achieve a reduced jail sentence. On May 25, 2017, Respondent entered into a plea agreement and pled no contest to misdemeanor battery. Respondent's adjudication was withheld, and he was sentenced to one day in jail with credit for time served and unsupervised probation and ordered to pay costs. Respondent voluntarily sought treatment from FLA, Inc. On January 2, 2018, the Court issued an order directing Respondent to show cause why the

referee's recommended sanction should not be disapproved and a more severe sanction, up to and including disbarment, be imposed.

## ANALYSIS

In reviewing a referee's recommendation as to discipline, the Court's scope of review is broader than that afforded to the referee's findings of fact, because it is ultimately the Court's responsibility to determine the appropriate discipline. *Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989). However, the Court will generally approve the referee's recommendation if it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. *See Fla. Bar v. Temmer*, 753 So. 2d 555, 558 (Fla. 1999). Furthermore, the Court has moved toward imposing harsher sanctions, *see Florida Bar v. Herman*, 8 So. 3d 1100, 1108 (Fla. 2009), and has stated that it "will strictly enforce the rule against lawyers engaging in sexual conduct with a client that exploits the lawyer-client relationship." *Fla. Bar v. Bryant*, 813 So. 2d 38, 44 (Fla. 2002); *see Fla. Bar v. Samaha*, 557 So. 2d 1349, 1350 (Fla. 1990) ("Even the slightest hint of sexual coercion or intimidation directed at a client must be avoided at all costs."). Finally, the approval or disapproval of the consent judgment is a matter for the Court's discretion. *See* R. Regulating Fla. Bar 3-7.9(c) ("Acceptance of any proposed consent judgment shall be conditioned on final approval by the Supreme Court of Florida . . . .").

In determining the sanction to recommend, the referee considered the Florida Standards for Imposing Lawyer Sanctions that support imposition of a suspension, including 5.12 (suspension is appropriate when a lawyer knowingly engages in criminal conduct which is not included within Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice), and 7.2 (suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system). The referee found three aggravating factors, including Standards 9.22(a) (prior disciplinary offenses),[2] 9.22(d) (multiple offenses), and 9.22(h) (vulnerability of victim), and two mitigating factors: 9.32(c) (personal or emotional problems), and 9.32(l) (remorse). In addition, the referee relied upon *Florida Bar v. Boone*, 31 So. 3d 178 (Fla. 2010) (table),[3] *Florida Bar v. Bryant*,

---

2. Previously, in case number SC14-1429, Respondent was suspended for thirty days. According to the consent judgment in that case, Respondent had violated Bar Rules 3-4.3 (Misconduct and Minor Misconduct), 4-1.1 (Competence), 4-4.4 (Respect for Rights of Third Persons), and 4-8.4(a) (An Attorney Shall Not Violate/Attempt to Violate the Rules of Professional Conduct).

3. The referee, as well as Respondent and the Bar, cite to "*Florida Bar v. Boone*, SC10-194 (2011)" or "*Florida Bar v. Boone*, SC10-194, 67 So. 3d 200," although the case intended appears to be *Florida Bar v. Boone*, 31 So. 3d 178 (Fla. 2010), No. SC10-194 (table), in which Boone received a one-year suspension, rather than the reinstatement effective immediately in *Florida Bar v. Boone*, 67 So. 3d 200 (Fla. 2011), No. SC11-623 (table).

813 So. 2d 38 (Fla. 2002), and *Florida Bar v. Samaha*, 557 So. 2d 1349 (Fla. 1990).

While the Court agrees that Standard 5.12 is applicable to the facts of this case, we conclude that Standard 7.1 (Disbarment is appropriate when a lawyer intentionally engages in conduct that is a violation of a duty owed as a professional), rather than Standard 7.2, also applies. We also find that the aggravating factors (prior disciplinary offenses, multiple offenses, and vulnerability of victim) are substantial.

With regard to existing case law, we conclude that disbarment, rather than a suspension, is reasonably supported. First, the referee's reliance upon the three cases is misplaced, for the following reasons: *Boone* does not have precedential value because the case was uncontested and the opinion did not include any substance or facts; *Bryant* and *Samaha* were decided sixteen and twenty-eight years ago, respectively; and the published opinions are distinguishable from Respondent's conduct. For example, in *Bryant*, a one-year suspension was imposed where the attorney entered into a sex-for-fee arrangement with a client upon the client's suggestion, and the sexual relations did not occur while the client was imprisoned. In *Samaha*, a one-year suspension was imposed where the attorney, under the guise of preparing for a personal injury action, touched his client on her back and thighs without her approval, and photographed her while she

was partially nude. In this case, Respondent propositioned two clients and engaged in sexual relations while the women were both incarcerated.

Instead, the following case law supports Respondent's disbarment. In *Florida Bar v. McHenry*, 605 So. 2d 459 (Fla. 1992), the attorney met with a client in his office and under the guise of conducting a physical examination, touched her neck, arms, rib cage, and back. He then sat at his desk and made motions with his arm and body that were consistent with the act of masturbation. In a separate meeting with a different client, the attorney, while in his office, masturbated in front of his client while speaking with her. The Court discussed that his act of touching the first client constituted battery and his act of masturbating in front of the second client constituted a criminal offense. Here, Respondent was charged with battery, solicitation of prostitution, and exposure of sexual organs. In addition, we distinguished the facts in *McHenry* from *Samaha*, on the basis that McHenry committed professional violations involving two separate clients and had previously received two public reprimands. Further, the Court concluded that

> [h]is behavior toward two of his clients in the two separate incidents at issue in this case demonstrates severe moral turpitude, and his character and conduct are wholly inconsistent with approved professional standards. Under no circumstances should clients be exposed to the type of conduct exhibited by McHenry. It breeds contempt and distrust of lawyers to permit a lawyer involved in such conduct to remain a lawyer.

*McHenry*, 605 So. 2d at 461 (citation omitted). Accordingly, in *McHenry*, we rejected the referee's report recommending that the attorney be suspended for two years and disbarred the attorney.

The Court used the facts and reasoning of *McHenry* in its decision to impose disbarment in *Florida Bar v. Scott*, 810 So. 2d 893, 900 (Fla. 2002), where the attorney was disbarred for exposing and fondling himself in front of his client and pulling his client down and ejaculating on her face and blouse. *Id*. In addition, he called his client a derogatory name and made sexual proposals to her in two subsequent meetings. *Id*. The Court, in rejecting the referee's recommendation of an eighteen-month suspension and instead disbarring the attorney, found that the attorney's conduct was more severe than that in *McHenry*. *Id*. Similarly, in *Florida Bar v. Senton*, 882 So. 2d 997, 1003 (Fla. 2004), the Court approved the referee's recommended discipline of disbarment where the attorney had twice coerced a female client to have sexual relations, on the basis that she felt like she had no choice and relying in part upon *Scott*.

In summary, evidenced by this Court's case law, under no circumstances should an attorney representing a client expose that client to unwanted sexual relations of any kind. Respondent's conduct, which exploited his clients' circumstances for his own personal benefit, "breeds contempt and distrust of lawyers," "demonstrates severe moral turpitude," and such actions "are wholly

inconsistent with approved professional standards." *McHenry*, 605 So. 2d at 461.

Based upon the foregoing, Respondent is disbarred from the practice of law.

## CONCLUSION

Accordingly, the referee's report pertaining to the recommendation of an eighteen-month suspension is disapproved, and Respondent is hereby disbarred. The disbarment will be effective thirty days from the release of this opinion so that Anthony Wayne Blackburn can close out his practice and protect the interests of existing clients. If Respondent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the disbarment effective immediately. Respondent shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Respondent shall accept no new business from the date this opinion is released until he is reinstated.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Anthony Wayne Blackburn in the amount of $1,688.51, for which sum let execution issue.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS DISBARMENT.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Carlos Alberto Leon, Bar Counsel, Tallahassee, Florida, and Adria E. Quintela, Staff Counsel, The Florida Bar, Sunrise, Florida,

    for Complainant

Dale Carson, Law Office of Dale Carson, Jacksonville, Florida,

    for Respondent