660 So.2d 839 (1995)
In re Richard E. REDD.
No. 95-B-1472.
Supreme Court of Louisiana.
September 15, 1995.
*840 John T. Seale, New Orleans, Thomas W. Sanders, Lake Charles, William N. King, New Orleans, for applicant.
Richard E. Redd, David A. Hamilton, Baton Rouge, for respondent.
PER CURIAM[*].
This is an attorney disciplinary proceeding based on the conviction of a serious crime. La.Sup.Ct.R. XIX, § 19 B.
In September 1992, respondent was the legal advisor to the Baton Rouge Police Department. During an investigation of complaints against respondent, the police sent a wired confidential informant to respondent's office to apply for an exotic dancer's permit. After commenting on the female applicant's breasts, respondent requested and took photographs of her breasts. He also obtained her home telephone number and made references to oral sex. After the police arrested respondent, a search of his office yielded a camera and photographs of other nude or partially nude women. Respondent eventually pleaded guilty to a charge of simple battery involving the touching of the applicant's breasts.
The Hearing Committee noted that a suspension was the appropriate baseline discipline for the crime of which respondent was convicted. However, the Committee noted that respondent immediately sought treatment from a psychologist who diagnosed a "sexual addiction."[1] Respondent saw the psychologist weekly for two months and then entered Sex Addicts Anonymous, which he attends twice a week. Because of this emotional problem, and because of other penalties including forced resignation and loss of benefits, a majority of the Committee recommended a sixty-day suspension. The public member dissented and recommended a one-year suspension during which respondent would be required to undergo and successfully complete treatment by a court-appointed psychiatrist.
The Disciplinary Board recommended a-year-and-a-day suspension, with all but ninety days deferred, following by a two-year probationary period subject to several conditions. Both disciplinary counsel and respondent objected to the Board's recommendation.
Since respondent's conviction of the crime constitutes conclusive evidence of his guilt of the charged offense, the sole issue before us is whether discipline is warranted and, if so, the extent thereof. In re Huddleston, 595 So.2d 1141, 1145 (La.1992). In fashioning the appropriate discipline, we must take into account the seriousness of the offense, any aggravating and mitigating circumstances, and the purpose of lawyer discipline proceedings. In re King, 94-0686 (La. 11/30/94); 646 So.2d 326.
The primary purposes of lawyer discipline proceedings are maintaining appropriate standards of professional conduct, preserving the integrity of the legal profession, and deterring other attorneys from engaging in ethical violations. Such proceedings are not designed solely to punish the attorney. Respondent argues that given the length of time between his offense and the instant disciplinary proceedings, any further punishment at this time would be merely punitive and thus not serve the purpose of such proceedings. We disagree. While the delay in the instant disciplinary proceedings may be considered in mitigation of any sanction, we conclude that a sanction is still warranted in this case because of the extreme seriousness of the conduct underlying the conviction. As the Board noted, respondent used his position of authority, obtained because of his license to practice law, over persons whose livelihood depended on his approval of their applications. Such behavior revealed a serious flaw in respondent's fitness to practice law.
*841 Although respondent's offense did not involve his client directly, it involved betrayal of his client by misusing and taking advantage of his position as the department's legal advisor, which is as bad, if not worse, than an offense involving a client. "`[I]mproprieties that directly and intentionally harm others always are serious offenses in the eyes of this Court.'" People v. Lowery, 894 P.2d 758 (Colo.1995) (quoting Florida Bar v. Samaha, 557 So.2d 1349, 1350 (Fla.1990)). Moreover, because of the significant adverse publicity following respondent's conviction, respondent's client, the Police Department, suffered substantial injury.
Despite the reprehensible nature of respondent's conduct, several factors besides the delay in these proceedings served to mitigate the severity of his conduct, including respondent's personal or emotional problems, full and free disclosure to the Disciplinary Board, a cooperative attitude towards the proceeding, good character and reputation, interim rehabilitation, imposition of other penalties, and remorse. Another mitigating circumstance is that he had no disciplinary violations or criminal charges against him during his extensive period of practice, although this mitigating circumstance is counterbalanced by the fact that respondent had substantial experience in the practice of law.
Aggravating circumstances included the victims' vulnerability, dishonest or selfish motive and pattern of misconduct.
Under similar aggravating and mitigating circumstances, the Colorado Supreme Court recently held that an attorney's sexual abusive conduct directed at non-clients (a receptionist, paralegal, and associate attorney in his law firm) warranted a-year-and-a-day suspension. People v. Lowery, 894 P.2d 758 (Colo.1995).
Considering the facts of this case and the purpose of lawyer discipline, we find that suspension of one year and one day, without the deferral of approximately three-fourths of the suspension as proposed by the Disciplinary Board, is appropriate in this case. Respondent's readmission will be conditioned upon his successfully completing evaluation and treatment by a psychiatrist or a board-certified psychologist, selected by the Disciplinary Board, for a period of one year prior to his application for readmission.
Accordingly, it is ordered that respondent, Richard E. Redd, be suspended from the practice of law for a period of one year and one day. Upon application for readmission, respondent must present evidence pertaining to the required psychiatric or psychological evaluation and treatment. All costs of this proceeding are assessed to respondent.
NOTES
[*] Judge Ned Doucet, Jr., Court of Appeal, Third Circuit, sitting by assignment in place of Justice James L. Dennis.

Calogero, C.J., not on panel. Rule IV, Part 2, § 3.
[1] While the psychologist could not point to a specific provision of DSM-III-R to use for his diagnostic criteria, he classified respondent under the category of "sexual disorder not otherwise specified," which provides no diagnostic criteria.