ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM. *
These consolidated disciplinary proceedings arise from two sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Adam Samuel Cohen, an attorney licensed to practice law in the State of Louisiana. The charges ■ allege respondent violated Rules 1.3, 1.4, 1.15, 1.16(d), 8.1(b)(c) and 8.4(a), (d) and (g) of the Rules of Professional Conduct.
98-B-0292[1]
The first proceeding involves nine counts of formal charges arising from eight complaints filed with the ODC by former clients of the respondent. The first complaint arises from.the respondent’s representation of Fa-biola Blass, who in November of 1994 retained respondent to institute bankruptcy proceedings on her behalf. When Ms. Blass subsequently moved out of state barring the necessity of filing in Louisiana, respondent failed to withdraw from representation in the matter and failed to communicate with Ms. Blass. Nor did he provide an accounting or promptly return the unearned fee and used costs in the amount of $410.00. In February Í996, seven months following the filing of the complaint by Ms. Blass, the unearned fees and costs were returned.
The second complaint arose from respondent’s representation of Evie Lenser. In *416 October of 1994, Ms. Lenser retained respondent to handle a community property matter for the sum of $500.00. When respondent failed to perform any of the retained services or communicate with his client, she filed a complaint with the ODC. Respondent later pursued the case and obtained a judgment on his client’s behalf; however, he failed to l2comply with a court order mandating the appointment of a Special Master for final disposition of the community. As a result, Ms. Lenser’s case was not completed.
In an unrelated matter, a complaint was instituted against the respondent arising from his representation of Keith Nutton. In July of 1994, respondent was retained and paid $360 by Mr. Nutton to institute a bankruptcy proceeding on his behalf. The respondent failed to file the suit, and misrepresented to his client that he had. Despite repeated requests, the respondent failed to return the unearned fees until seven months after the complaint was filed.
Another complaint was filed against respondent by Vera Chandler, who retained the respondent in August of 1994 to file a bankruptcy proceeding on her behalf. The complaint alleged respondent failed to file the suit, failed to communicate and advise of the change in his office address and failed to account for or return the unearned fees and costs.
A complaint was filed on August 15, 1995 by Karen Byes alleging she retained respondent to represent her in a domestic matter. Although she paid respondent $225.00 in fees and $221.75 in costs a year before, he failed to perform any legal services, failed to communicate with her and failed to return the unearned fee and unused costs.
In May of 1995, respondent was retained to institute a bankruptcy proceeding on behalf of David Lee Webster for which respondent was paid. $410.00 in fees and costs. Two months later, Mr. Webster advised respondent he did not wish to file the bankruptcy matter. Respondent subsequently failed to communicate with his client, failed to account for or return the unearned fee or costs until five months after a complaint was filed by Mr. Webster. The ODC had closed its investigatory file based upon respondent’s assertion that he would utilize the Alternative Dispute Arbitration Program of the Louisiana State Bar Association to resolve the matter. Respondent never utilized the program, despite being provided with the necessary documentation. Nor did |3he return the unearned fee or provide an accounting.
In an unrelated matter, Mario Robania retained respondent for $250.00 to review documents to determine whether Mr. Roba-nia had a legal cause of action against a certain financial institution. Subsequently, respondent failed to return the file and original documents, despite his client’s many requests. When it was later discovered respondent lost the file and the documents, Mr. Robania filed a complaint with the ODC.
Finally, respondent was retained by randy Black, Sr. to file an appellate brief with the Louisiana Fourth Circuit Court of Appeals. Respondent timely filed the appeal, but later failed to promptly inform his client of the adverse outcome. As a result, Mr. Black was barred from seeking review with this court.
The ODC directed numerous requests for information to the respondent regarding the complaints. Respondent failed to reply in a prompt manner, resulting in the issuance of subpoenas compelling his testimony and production of documents.
On October 18, 1996, the ODC filed formal charges alleging violations of the Rules of Professional Conduct, specifically, Rules 1.3, 1.4, 1.15, 1.16(d), 8.1(b)(e) and 8.4(a), (d) and (g). Respondent failed to respond to the charges and, as a result, they were deemed admitted pursuant to Rule XIX, § 11(E)(3).
On March 27, 1997, the hearing committee rendered its findings noting, while restitution was made to some clients after the institution of disciplinary proceedings, the remainder of clients had yet to be repaid and, in all cases, respondent failed to provide a financial accounting. Relying on the ABA Standards for Imposing Lawyer Sanctions, the absence of mitigating factors and the presence of several aggravating factors[2], the committee *417 recommended an eighteen month suspension. As conditions to reinstatement, the committee proposed restitution and return of client property-
U98-B-0291
The second proceeding involves two counts of formal charges arising from a complaint instituted by Claudia Rockwood, who retained respondent in 1994 to file a bankruptcy proceeding on her behalf. At the time of retention, respondent was paid $260.00 in fees. On August 16, 1996, she filed a complaint alleging respondent failed to file the suit and neglected the matter in its entirety. She also alleged he failed to communicate and advise of the change in location of his office and failed to account for or return the unearned fees and costs, as well as lost her file.
The ODC instituted an investigation into the complaint. When respondent failed to comply with the ODC’s requests for information, a subpoena was issued compelling his assistance in the matter..
On March 10, 1997, the ODC filed formal charges alleging violations of the Rules of Professional Conduct, specifically, Rules 1.3, 1.4, 1.15(b), 1.16(d), 8.1(b)(c) and 8.4(a), (d) and (g). Respondent failed to respond to the charges and, as a result, they were deemed admitted pursuant to Rule XIX, § 11(E)(3). While respondent did not avail himself of the opportunity to submit written argument on the issue of sanctions, the ODC filed a brief maintaining a lengthy suspension was appropriate. No hearing was conducted on the matter.
On May 15, 1997, the ODC’s Motion to Consolidate the two disciplinary proceedings pending against respondent was granted, and the hearing committee that rendered the eighteen month suspension in 98-B-0292 was assigned the formal charges pending in 98-B-0291.
On June 4, 1997, the committee rendered its findings noting the conduct charged was similar to and occurred contemporaneously with the misconduct set forth in the consolidated proceeding. Further, it recognized the presence of the same aggravating factors. The committee recommended a three month suspension with restitution and the return of the clients’ property |5prior to reinstatement, as well as assessment of costs. It further recommended the three month suspension run consecutive to the eighteen month suspension proposed earlier. Thus, the “consolidated recommendation” to the board was a twenty-one month suspension with restitution and return of client property as conditions to reinstatement.
The board issued its recommendation proposing a three year suspension, with all but twenty-one months deferred, followed by a two year period of unsupervised probation, and two additional hours of continuing legal education in ethics- and two additional continuing legal education hours in law office management. As conditions to reinstatement, it suggested payment of restitution, return of client property and payment of proceeding costs.
Neither the ODC, nor the respondent, filed an objection to the board’s recommendation.
Upon review of the findings and recommendations of the disciplinary board, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted in full.
Accordingly, it is ordered that respondent be suspended from the practice of law for three years, with all but twenty-one months deferred, followed by two years of unsupervised probation. As conditions to reinstatement, it is further ordered:
1. Respondent shall complete two additional hours of continuing legal education in ethics and two additional hours of continuing legal education in law office management for a total of nineteen hours;
2. Respondent shall pay restitution in the ■ amount of $500.00 to Evie Lenser; $446.75 to Karen Byes; $250.00 to David Lee Webster; $250.00 to Mario Robania; $260.00 to Claudia Rock- *418 wood; and all amounts owed to Vera Chandler[3], as well as furnish proof of restitution with his petition for reinstatement;
3. Respondent shall return all property entitled to the complainants; and
4. Respondent shall pay all costs of these proceedings.
VICTORY, TRAYLOR and KNOLL, JJ., would set for oral argument and opinion.

 Johnson, J. not on panel. Rule IV, Part 2, § 3.

. For chronological purposes, we will address the underlying facts of 98-B-0292 prior to those in 98-B-0291.

. The committee recognized as aggravating factors: (1) pattern of misconduct; (2) multiple *417 offenses; (3) failure to cooperate; (4) lack of remorse; and (5) indifference to making restitution.

. The record does not indicate the amount owed to Ms. Chandler.