ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
These consolidated attorney disciplinary proceedings arise from the filing of two sets of formal charges by the Office of Disciplinary Counsel (“ODC”) against respondent, Adam Samuel Cohen, an attorney licensed to practice law in the State of Louisiana, but who is currently suspended.[1]
UNDERLYING FACTS
98-DB-007
This proceeding involves four counts of misconduct emanating from two complaints filed against respondent by former clients.

Count I

In October 1996, Irvin J. Parker retained respondent to obtain an expungement in a criminal matter, and paid him the sum of $300. After December 1996, respondent failed to communicate with his client. Respondent provided little or no legal services and, as a result, Mr. Parker had to obtain new counsel to complete the | ¡.matter. Respondent failed to provide an accounting or return the unearned portion of the fee.

Count II

Mr. Parker filed a complaint with the ODC. The ODC directed numerous requests for information to respondent regarding the complaint. Respondent failed to reply, resulting in the issuance of a subpoena compelling his testimony and the production of documents. While respondent appeared for his deposition, he later failed to comply with two supplemental requests for information.

Count III

Jeffrey Young retained respondent in April 1995 to handle a child custody and child support matter. During the proceedings, the presiding judge ordered respondent to prepare and submit a consent judgment. Respondent failed to promptly complete the matter, delaying resolution of the proceedings.

Count IV

Mr. Young filed a complaint with the ODC, alleging respondent’s neglect in filing the judgment barred him from enforc *532 ing his visitation rights and the other terms of the order. Further, he complained respondent failed to respond to his telephone calls, faxed correspondence, and certified mail. The ODC directed numerous requests for information to respondent regarding the complaint. Respondent failed to reply, resulting in the issuance of a subpoena compelling his cooperation. Subsequently, over two years after the court’s request, respondent submitted the consent judgment.
|398-DB-090
This proceeding involves eight formal charges resulting from eight separate complaints filed by former clients against respondent.

Count I

In September 1995, Auburn County retained respondent to represent him in a copy infringement case against various record companies. At the time, Mr. County gave respondent various contracts, many of which were original documents. Subsequently, respondent failed to communicate with his client for over one year. Later, on August 5, 1996, Mr. County showed up unannounced at respondent’s office. Respondent advised Mr. County he was unable to take any action on the matter until he received $120 for court costs. Mr. County gave respondent the funds. However, respondent failed to communicate with his client, failed to perform the requested legal services, failed to return his client’s file, and converted the funds paid by his client.
Mr. County filed a complaint with the ODC. The ODC directed numerous requests for information to respondent regarding the complaint. Respondent failed to reply, resulting in the issuance of a subpoena compelling his testimony and the production of documents.

Count II

Andrea Franko retained respondent in October 1997 to represent her son, Justin Welitchko, in a criminal bond reduction proceeding, and paid him the sum of $500. She also gave respondent $850 to pay past due traffic fines owed by Mr. Welitchko. Subsequently, respondent failed to speak with Mr. Welitchko or appear at the bail reduction hearing. As a result, a public defender was appointed to represent Mr. LWelitchko. Respondent failed to account for or return the unearned fee and commingled and converted the funds given to him to satisfy his client’s debts.
Ms. Franko filed a complaint with the ODC. The ODC directed numerous requests for information to respondent regarding the complaint. Respondent failed to reply, resulting in the issuance of a subpoena compelling his cooperation.

Count III

In August 1997, Loucille Simmons retained respondent to represent her son in a criminal matter, and paid him the sum of $700. At the time, respondent was ineligible to practice law for failure to comply with his continuing legal education requirements and for failure to pay bar dues.[2]
Ms. Simmons filed a complaint with the ODC. The ODC directed numerous requests for information to respondent regarding the complaint, but respondent failed to reply. Although the ODC issued a subpoena to respondent compelling his testimony and the production of doeu- *533 merits, service could not be effected.[3]

Count TV

In November 1997, Kenneth and Andrea Aucoin retained respondent to represent their son in a criminal matter, and paid him the sum of $1,000. Respondent promised his clients he would get their son into a rehabilitation program. However, |Bat the time, respondent was ineligible to practice law for failure to comply with his continuing legal education requirements and for failure to pay bar dues. Therefore, respondent referred the matter to another attorney, who was later replaced by the court due to his inability to properly represent Mr. and Mrs. Aucoin’s son.
The Aucoins filed a complaint with the ODC. The ODC directed requests for information to respondent regarding the complaint. Respondent failed to reply, resulting in the issuance of a subpoena compelling his deposition testimony.

Count V

In July 1997, Byron and Maria Lambert retained respondent to institute bankruptcy proceedings on their behalf, and paid him the sum of $340. At the time, respondent was ineligible to practice law for failure to comply with his continuing legal education requirements and for failure to pay bar dues. Subsequently, respondent failed to complete the legal services, failed to communicate with his clients, and failed to account for or return the unearned fee.
The Lamberts filed a complaint with the ODC. The ODC directed requests for information to respondent regarding the complaint. Respondent failed to reply, resulting in the issuance of a subpoena compelling his testimony and the production of documents.

Count VI

In March 1998, Alan Panepinto retained respondent to represent him in a criminal matter, and paid him the sum of $1,000. At the time, respondent was ineligible to practice law for. failure to comply with his continuing legal education requirements and for failure to pay bar dues. Moreover, the following month, respondent was suspended from the practice of law for a period of twenty-one months ^stemming from his prior disciplinary infraction. Rather than advising his client of his suspension, respondent told his client on the day he was to appear in court that he was unable to attend and referred him to another attorney who would handle the court appearance. Thereafter, Mr. Panepinto contacted the Louisiana State Bar Association and learned respondent had been suspended from practice. Respondent did not account for or return the unearned fee.
Mr. Panepinto filed a complaint with the ODC. The ODC directed numerous requests for information to respondent regarding the complaint. Respondent failed to reply, resulting in the issuance of a subpoena compelling his testimony and the production of documents.

Count VII

In November 1997, Olivia Penns Richardson retained respondent to represent her in a domestic matter, and paid him the sum of $400. At the time, respondent was ineligible to practice law for failure to comply with his continuing legal education requirements and for failure to pay bar dues. Respondent failed to perform any legal services, failed to communicate with his client, abandoned his client and failed to return the unearned fee and his client’s file, which included an original marriage certificate.
Ms. Richardson filed a complaint with the ODC. The ODC directed requests for information to respondent regarding the complaint. Respondent failed to reply, resulting in the issuance of a subpoena compelling his testimony and the production of documents.
| nCount VIII
In August 1997, Helen Weary paid respondent $1000 to represent her son in *534 connection with a parole board proceeding. Additionally, respondent was given $200 for the sole purpose of obtaining trial transcripts for the proceeding. Subsequently, respondent failed to communicate with his client. He failed to obtain the transcript for the parole board hearing and refused to return or account for the funds.
Ms. Weary filed a complaint with the ODC. The ODC directed requests for information to respondent regarding the complaint. Respondent failed to reply, resulting in the issuance of a subpoena compelling his testimony and the production of documents.
DISCIPLINARY PROCEEDINGS

Formal Charges

The ODC filed separate formal charges against respondent in 98-DB-007 and 98-DB-090. Collectively, the charges allege respondent violated Rules 1.1 (incompetence), 1.8 (lack of due diligence and promptness), 1.4 (failure to communicate with a client), 1.5(f)(6) (improper fee arrangement), 1.15(b) (safekeeping of property), 1.16(d) (improper termination of representation), 8.1 (failure to cooperate in disciplinary investigation), 8.4(a) (violation of Rules of Professional Conduct), 8.4(b) (commission of criminal act adversely reflecting on attorney’s honesty and fitness to practice), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
| ^Respondent failed to file answers to the charges, and the matters were considered only on documentary evidence. The formal charges in 98-DB-007 and 98-DB-090 were considered by separate hearing committees.

Hearing Committee Recommendations

The hearing committee considering the formal charges in 98-DB-007 found the charges were proven. In imposing discipline, the committee found the baseline sanction for respondent’s knowing failure to perform services for a client was a suspension. As an aggravating factor, it noted a pattern of misconduct. Accordingly, the committee determined a three-year suspension was appropriate under the facts.[4] It further recommended respondent pay full restitution.
The hearing committee considering the formal charges in 98-DB-090 also concluded respondent violated the professional rules as charged. As a sanction, the committee proposed respondent be disbarred and “never be allowed to practice law under any circumstances for as long as he may live.” It also recommended respondent be ordered to pay full restitution to his victims.

Disciplinary Board Recommendation

The disciplinary board consolidated the two disciplinary proceedings in 98-DB-007 and 98-DB-090 and issued a single recommendation to this court. It recognized respondent intentionally and knowingly caused harm to his clients and the profession. Relying on jurisprudence from this court,[5] the ABA’s Standards for |^Imposing Lawyer Sanctions,[6] and the *535 presence of several aggravating factors,[7] the board proposed respondent be disbarred and ordered to make full restitution.
Neither the ODC nor respondent filed an objection in this court to the board’s recommendation.
DISCUSSION
The record supports the findings of the hearing committees in this matter. The sheer number of complaints against respondent demonstrates in a convincing fashion that he has a complete lack of regard for the welfare of his clients and his professional obligations as a member of the bar of this state. Under these circumstances, we conclude disbarment is appropriate. Accordingly, we will accept the recommendation of the disciplinary board and disbar respondent from the practice of law in Louisiana.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Adam Samuel Cohen be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to pay restitution. All costs and expenses in the matter are assessed against respondent in accordance with Supreme |inCourt Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On March 27, 1998, respondent was suspended from the practice of law for a period of three years, with all but twenty-one months deferred, followed by two years of unsupervised probation with conditions to reinstatement. In re: Cohen, 98-0291 (La.3/27/98), 708 So.2d 415. The discipline stemmed from more than ten complaints for misconduct taking place from 1994 to 1995, similar to that alleged in the instant matter. To date, respondent has failed to seek reinstatement, although he has been eligible to do so since December 27, 1999.

. Respondent was ineligible to practice law for the following periods:
9/6/95-11/8/95 non-payment of 1995-1996 Louisiana State Bar Association membership dues
8/16/96 non-compliance with mandatory continuing legal education
10/01/96 non-payment of 1996-1997 LSBA membership dues
1/1/98 non-payment of 1998 disciplinary board assessment
4/10/9 8-current suspended by order of this court for a period of 3 years, with 21 months deferred.

. By all indications, respondent had closed his office down and was never at his residence. He also failed to reply to correspondence.

. The committee suggested this suspension should run concurrently with the earlier suspension imposed by this court — i.e., after serving the twenty-one month suspension ordered by this court, the committee recommended an additional fifteen months be added.

. The board relied on In re: Tosh, 99-1972 (La.9/3/99), 743 So.2d 197 (attorney with extensive prior disciplinary record was disbarred for sixty-three counts involving neglect of legal matters, failure to communicate, failure to return unearned fees, and failure to cooperate); In re: Smith, 98-0619, 98-0620 (La.5/8/98), 710 So.2d 241 (attorney with pri- or disciplinary admonition was disbarred for seven counts involving neglect of legal matters, failure to return unearned fees, failure to communicate, failure to distribute succession proceeds to heirs, and failure to cooperate).

.Standard 4.41 suggests disbarment is generally appropriate when a lawyer abandons the practice and causes serious or potentially serious injury to a client, and when a lawyer *535 knowingly fails to perform services for a client and causes injury. Standard 8.1 suggests disbarment is generally appropriate when a lawyer has been suspended for the same or similar misconduct.

. The board recognized the following aggravating factors: prior discipline, pattern of misconduct, multiple offenses, obstruction of the disciplinary process, vulnerability of the victims, lack of remorse, and indifference to making restitution.