*543 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Ashley A. Richard, an attorney formerly licensed to practice law in Louisiana, but currently disbarred.
UNDERLYING FACTS
In November, 1998, Nolan Michel retained respondent for $125 in connection with a donation matter. At the time respondent accepted the representation, he was ineligible to practice law because he has failed to pay his bar dues or satisfy his mandatory continuing legal education requirements since 1994.
Subsequently, Mr. Michel learned respondent had been ineligible to practice law at the time the donation was effectuated. Accordingly, Mr. Michel filed a complaint with the ODC. In connection with the ODC’s investigation, respondent admitted that at the time he assumed the representation of Mr. Michel, he was aware he was ineligible to practice law.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed one count of formal charges. The charges alleged respondent’s actions violated the following provisions of the Rules of | ¡¿Professional Conduct: Rules 5.5(a) (violating a disciplinary regulation of another jurisdiction through unauthorized practice of law in that jurisdiction), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC).
Respondent failed to file an answer to the complaint. Accordingly, the matter was submitted to the hearing committee on documentary evidence only.

*544
Recommendation of the Hearing Committee

The hearing committee determined the ODC proved the formal charges by clear and convincing evidence. It found that respondent knowingly and intentionally accepted representation while he was ineligible to practice law. The committee recognized respondent, after receiving notice of his ineligibility, took no measures to be reinstated as a licensed attorney in good standing. Considering these factors, the committee recommended respondent be disbarred from the practice of law.

Recommendation of the Disciplinary Board

The disciplinary board adopted the findings of the hearing committee in all respects. The board determined respondent intentionally violated duties owed to his client, the legal system and the profession. It pointed out that Mr. Michel’s legal matter was delayed approximately eight months because of respondent’s misconduct. Further, it noted respondent caused injury to the profession and the legal system when he practiced law while ineligible.
| «Relying on Standards 7.1 and 8.1 of the ABA’s Standards for Imposing Lawyer Sanctions,[1] the board found the baseline sanction for respondent’s misconduct was disbarment. As aggravating factors, the board recognized respondent had a prior disciplinary history, observing that during the pendency of the instant proceedings, he had been disbarred by this court for unrelated conduct. In re: Richard, 00-1418 (La.8/31/00), 767 So.2d 36 {“Richard /”). The board also found the aggravating factors of dishonest or selfish motive, pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency and refusal to acknowledge the wrongful nature of the misconduct. The board identified no mitigating factors. Accordingly, the board recommended respondent be disbarred.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the Rhearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our independent review, we conclude the findings of the hearing *545 committee are supported by the record. The undisputed evidence demonstrates that respondent knowingly and intentionally engaged in the practice of law while he was ineligible to do so under the rules of this court.
Having found professional violations, we now turn to a determination of the appropriate sanction for this misconduct. The purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152; Louisiana State Bar Ass’n v. Levy, 400 So.2d 1355 (La.1981). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839; Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In reviewing the misconduct, we find that it occurred within the same general time frame as the misconduct at issue in Richard I. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when a second attorney disciplinary proceeding involves conduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. In that case, involving an attorney who was already disbarred, we declined to disbar the respondent again or extend the minimum period for readmission. Rather, we adjudged the attorney guilty |Kof additional misconduct which could be considered in the event the attorney sought readmission. See also In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799; In re: Parker, 00-3532 (La.3/15/02), 815 So.2d 794; In re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804.
In imposing a sanction in the instant case, we believe the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in respondent’s previous disciplinary proceeding.
Respondent’s decision to knowingly and intentionally engage in the practice of law while ineligible to do so is a serious affront to the authority of this court. See In re: Jones, 99-1036 (La.10/19/99), 747 So.2d 1081 (attorney disbarred for practicing law while ineligible). Had the instant charges been filed simultaneously with those charges forming the basis of Richard I, which also involved practice of law while ineligible, they would have only reinforced our view that respondent must be disbarred.
Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply for readmission, this court retains absolute discretion to grant or deny such an application. In light of respondent’s prior disciplinary history, this court will carefully scrutinize any application for readmission with a critical eye.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and *546 considering the record, it is ordered that respondent is adjudged guilty of additional | ¿violations which warrant disbarment and may be considered in the event that he applies for readmission from his disbarment in In re: Richard, 00-1418 (La.8/31/00), 767 So.2d 36, after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Standard 7.1 provides disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system; Standard 8.1 provides disbarment is generally appropriate when a lawyer; (a) intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or (b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that causes injury or potential injury to a client, the public, the legal system, or the profession.