ATTORNEY DISCIPLINARY PROCEEDINGS.
| .PER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Adam Samuel Cohen, an attorney formerly licensed to practice law in Louisiana, but currently disbarred.[1]
*485 UNDERLYING FACTS
On January 5, 1998, Larry Jones paid respondent $850 to represent him in a criminal matter. State v. Jones, No. 97-7138 on the docket of the 24th Judicial District Court for the Parish of Jefferson. At the time respondent accepted these funds, he was ineligible to practice law;[2] however, he failed to advise his client or the court of this fact. As a result of respondent’s misrepresentation of his status, the presiding judge was forced to declare a mistrial in Mr. Jones’ case after a jury had already been selected. Respondent nevertheless failed to refund the fee Mr. Jones paid. The ODC further alleges that respondent failed to cooperate in the investigation of the complaint filed against him by Mr. Jones.
The ODC alleges that respondent’s conduct violates the following provisions of the Rules of Professional Conduct: Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with diligence and promptness in | ¡representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.16(d) (obligations upon termination of the representation), 3.3 (candor toward the tribunal), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
DISCIPLINARY PROCEEDINGS
After its investigation, the ODC filed one count of formal charges against respondent. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, and the matter was submitted to the hearing committee solely on the ODC’s documentary evidence. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After reviewing the record, the hearing committee concluded that. respondent’s conduct violated the Rules of Professional Conduct as charged in the formal charges. The committee recognized respondent’s prior disciplinary record[3] and pattern of ^misconduct as aggravating factors, and found no mitigating factors are present. The committee recommended respondent be disbarred.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

*486
Disciplinary Board Recommendation

The disciplinary board generally agreed with the hearing committee’s factual findings and its application of the Rules of Professional Conduct; however, the board concluded the ODC failed to prove that respondent did not cooperate in the disciplinary investigation.[4]
The board found that respondent violated duties owed to his client by representing Mr. Jones when he knew he was ineligible to do so, by failing to use reasonable diligence in pursuing Mr. Jones’ case, and by failing to refund the legal fee Mr. Jones paid. Respondent caused actual harm to Mr. Jones by causing a mistrial in the criminal case and by failing to return the $350 fee. The board also found respondent breached his duty to the profession and the legal system by engaging in the practice of law when he was ineligible to practice, by causing a mistrial in the criminal case, and by wasting the trial court’s and district attorney’s time. Because respondent knew or should have known that he was ineligible to practice law when |4he accepted a legal fee from Mr. Jones, the board found his conduct was knowing, if not intentional.
Based upon the ABA’s Standards for Imposing Lawyer Sanctions, the presence of several aggravating factors, including respondent’s prior discipline in Cohen I, a dishonest or selfish motive, pattern of misconduct, and substantial experience in the practice of law (admitted 1991), as well as the absence of any mitigating factors, the board found that disbarment is clearly the appropriate sanction in this case. However, observing that,the misconduct at issue here occurred in January 1998, during the same time frame as the misconduct for which respondent was disbarred in Cohen II,[5] the board adopted the approach of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), and recommended that respondent be adjudged guilty of additional violations which warrant disbarment, and that these violations be added to his record for consideration in the event he applies for readmission. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged miscon *487 duct has | sbeen proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our independent review, we conclude the findings of the hearing committee are supported by the record. The undisputed evidence demonstrates that respondent engaged in the practice of law while he was ineligible to do so under the rules of this court. Given that respondent had been ineligible for nearly eighteen months at the time he accepted a legal fee from Mr. Jones, we fail to see how this conduct was anything other than knowing and intentional.
Having found professional violations, we now turn to a determination of the appropriate sanction for this misconduct. The purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152; Louisiana State Bar Ass’n v. Levy, 400 So.2d 1355 (La.1981). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839; Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The misconduct at issue in this proceeding occurred in January 1998, in the same time frame as the misconduct for which respondent was disbarred in Cohen II. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed | (¡that when a second attorney disciplinary proceeding involves conduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. In that case, involving an attorney who was already disbarred, we declined to disbar the respondent again or to extend the minimum period for applying for readmission. Rather, we adjudged the attorney guilty of additional misconduct which could be considered in the event the attorney sought readmission. See also In re: Richard, 01-3409 (La.9/13/02), 826 So.2d 542; In re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804; In re: Parker, 00-3532 (La.3/15/02), 815 So.2d 794; In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799.
In imposing a sanction in the instant case, we believe the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if the charge at issue here had been before the court at the same time as the charges in respondent’s previous disciplinary proceeding.
Respondent’s decision to knowingly and intentionally engage in the practice of law while ineligible to do so is a serious affront to the authority of this court. See In re: Jones, 99-1036 (La.10/19/99), 747 So.2d 1081 (attorney disbarred for practicing law while ineligible). Had the instant charge been filed simultaneously with those charges forming the basis of Cohen II, some of which also involved respondent’s *488 practice of law during a period of ineligibility, it would only have reinforced our view that respondent must be disbarred.
Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply |7for readmission, this court retains absolute discretion to grant or deny such an application. In light of respondent’s prior disciplinary history, this court will carefully scrutinize any application for readmission with a critical eye.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that respondent is adjudged guilty of additional violations which warrant disbarment and which may be considered in the event he applies for readmission from his disbarment in In re: Cohen, 00-1476 (La.9/15/00), 769 So.2d 531, after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In re: Cohen, 00-1476 (La.9/15/00), 769 So.2d 531 (Cohen II").

. In fact, respondent had been ineligible to practice law since August 1996 for failing to comply with mandatory continuing legal education requirements; since October 1996 for failing to pay bar dues; and since January 1, 1998 for failing to pay the disciplinaiy assessment.

. At the time the committee's recommendation was filed on August 20, 2001, respondent had already been disbarred for nearly a year; nevertheless, the committee was apparently unaware of that fact. The prior discipline referred to by the committee is a three-year suspension from the practice of law, with all but twenty-one months deferred, imposed by this court in 1998. In re: Cohen, 98-0291 (La.3/27/98), 708 So.2d 415 ("Cohen I).

. The ODC sent the complaint filed against respondent to an address that was not his primary or secondary registration statement address, and to a closed post office box. Both letters were returned unclaimed. The board noted that beyond respondent's failure to respond to the complaint that he never received, there is no evidence that he was served with a subpoena and failed to appear or that he communicated to the ODC a willingness to participate or provide information and then failed to do so. Accordingly, the board declined to find that respondent failed to cooperate with the ODC in its investigation, in violation of Rules 8.1(c) and 8.4(g) of the Rules of Professional Conduct.

. Cohen II involved misconduct arising out of ten complaints and occurring between April 1995 and March 1998. In these matters, respondent repeatedly accepted legal fees from clients but failed to provide any services; in at least five cases, respondent was ineligible to practice law when he accepted the fees. As previously noted, Cohen I resulted in respondent’s suspension; that case involved misconduct occurring in 1994 and 1995.