838 So.2d 1283 (2003)
In re Lee C. GREVEMBERG.
No. 2002-B-2721.
Supreme Court of Louisiana.
February 25, 2003.
*1284 Charles B. Plattsmier, G. Fred Ours, Baton Rouge, for Applicant.
PER CURIAM.
This disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Lee C. Grevemberg, an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS
In August, 1996, Hilda Parham, a widow in her sixties, executed a statutory will which had been prepared and notarized by respondent. With the exception of a small monetary bequest to a friend, Mrs. Parham bequeathed the bulk of her estate to Philip and John Parham, nephews of her late husband, who resided in Oklahoma.
In the months following the execution of the will, Mrs. Parham's health began to decline and she no longer wanted to see or speak to anyone, except for respondent. In April, 1997, at her direction, he became her agent through a power of attorney.
Shortly thereafter, Mrs. Parham requested that respondent draft a new will for her naming himself as the executor and residual legatee. According to respondent, he was unaware of the existence of Rule 1.8(c) of the Rules of Professional Conduct which bars an attorney and his immediate family from receiving a testamentary gift *1285 in a will drafted by the attorney.[1] Respondent conducted some research and discussed the matter with another attorney to determine whether he was prohibited from accepting a testamentary gift in a will prepared and notarized by him. Upon concluding the transaction was not prohibited, respondent prepared the will in accordance with his client's instructions.
In June, 1997, Mrs. Parham executed the will prepared by respondent, and respondent notarized it. The new will revoked all prior wills and, in addition to making two modest bequests to friends, named respondent as executor and residual legatee. It also contained a clause indicating that respondent's wife would become the residual legatee in the event the bequests made to respondent were prohibited, or there was a conflict of interest or legal ethics due to the fact that he was the notary public before whom the will was executed, or should he predecease Mrs. Parham. Respondent's wife was also named as the successor executrix. Following the execution of the new will, at respondent's direction, Mrs. Parham scratched a line through her signature on the original will executed in 1996, and respondent then wrote "VOID" across it. Rather than destroying the 1996 will, respondent kept the document in his office.
On July 24, 1997, Mrs. Parham died. Within days, respondent had instituted succession proceedings. According to the sworn detailed descriptive list prepared by respondent, the net value of his interest in the estate was $163,973.
Mrs. Parham's nephews were not informed of her death until after the funeral had taken place. Days later, they traveled from Oklahoma to Louisiana. Respondent was not present at his office when they arrived to see him. While leaving a message on respondent's desk and/or retrieving certain items that had belonged to their aunt, the Parhams discovered the original 1996 will. They removed it from respondent's office and brought it to their attorney. With the assistance of counsel, the Parham nephews filed a rule to show cause in the succession proceeding seeking to annul the 1997 will.
Following a lengthy hearing, the trial court determined Mrs. Parham was mentally competent at the time the 1997 will was executed and that respondent had not exercised any undue influence on her. However, the trial court invalidated all bequests to respondent and his wife and their respective appointments as executor and successor executrix, as well as invalidated the clause revoking the 1996 will. The court also invalidated the 1996 will, with the exception of the bequest of the remainder of Mrs. Parham's estate to her nephews.
Respondent and his wife appealed the judgment of the trial court. On appeal, respondent argued that although he may have violated Rule 1.8(c) by engaging in a conflict when preparing the will, the disciplinary violation should not defeat his client's wishes and his property interests in her estate. The court of appeal affirmed the trial court's ruling. Succession of Parham, 98-1660 (La.App. 1st Cir.9/24/99), 755 So.2d 265. Respondent filed an application for writs in this court, which was denied. Succession of Parham, 99-3016 (La.12/17/99), 755 So.2d 240.

DISCIPLINARY PROCEEDINGS

Formal Charges
Following investigation, the ODC filed one count of formal charges against respondent *1286 alleging violations of Rules 1.1 (incompetence), 1.2 (scope of representation infringes on professional responsibilities), 1.8(c) (conflict of interestpreparing an instrument for a client giving the attorney and/or a member of his immediate family a testamentary gift), 3.1 (asserting a non-meritorious claim), 3.4(c) (knowingly disobey rules of a tribunal), 8.4(a) (violating the Rules of Professional Conduct) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Respondent filed an answer to the formal charges admitting that he engaged in a conflict of interest, but alleged his conduct was unintentional and a "technical violation." Further, he contended his appellate pursuit of his interest in his client's estate was in good faith. Respondent reasoned the trial court's application of Rule 1.8(c), a professional rule, to deny him his property rights in a civil proceeding was improper.

Recommendation of the Hearing Committee
After a formal hearing, the hearing committee concluded the ODC proved by clear and convincing evidence a violation of Rule 1.8(c) relative to his conflict of interest in drafting the will. However, it determined respondent's conduct was unknowing and unintentional since respondent was merely carrying out his client's wishes. In mitigation, the committee recognized respondent's well-respected reputation and good character in the community, cooperative attitude toward the proceedings and unblemished record in the practice of law for over 56 years,[2] as well as the remoteness that another violation would re-occur. Based on its findings, the committee recommended that a private admonition be imposed.
One committee member dissented as to the recommendation, citing respondent's appeal of the trial court judgment to be inappropriate in light of his admission of engaging in professional misconduct.

Recommendation of the Disciplinary Board
Based on its review of the record, the board determined respondent did not provide incompetent representation in violation of Rules 1.1 and 1.2, noting that respondent was experienced in preparing wills, conducted research prior to preparing the will and provided a substitution clause in the event of a conflict or ethical problem. Additionally, relying on the formal hearing testimony of the trial judge in the succession proceedings, the board found respondent did not violate Rule 3.1 by asserting frivolous or sanctionable legal arguments in the civil proceedings. Likewise, the board found no factual support for a conclusion that respondent knowingly disobeyed the rules of a tribunal in violation of Rule 3.4(c) or engaging in conduct prejudicial to the administration of justice in violation of Rule 8.4(d).
Based on respondent's own admission, the board concluded respondent engaged in a conflict of interest in violation of Rule 1.8(c) when he drafted the will with a prohibited bequest. In addressing the issue of sanctions, the board found respondent breached his duties owed as a professional, and that his conduct "vacillates between knowing and negligence." While it recognized respondent claimed he did not know he was participating in a prohibited transaction, the board pointed out he also inserted a contingent substitution clause in the will in the event of a legal conflict or conflict of interest.
*1287 The board relied on the ABA's Standards for Imposing Lawyer Sanctions to conclude the appropriate baseline sanction for respondent's misconduct ranges from public reprimand to suspension.[3] In aggravation, the board cited respondent's substantial experience in the practice of law. In addition to the mitigating factors cited by the committee, the board also recognized respondent's full and free disclosure with the disciplinary process and remorse.
Considering these factors, the board recommended that respondent be suspended from the practice of law for a period of sixty days, fully deferred, subject to a six month probation and completion of Louisiana State Bar Association's Ethics School.
One board member objected to the leniency of the proposed sanction given the nature of the prohibited transaction and the injury invoked on Mrs. Parham's heirs.
Both parties filed an objection to the board's findings and recommendation. Based on such, the matter was docketed for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G).

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714.
The record supports the conclusion that respondent violated Rule 1.8(c) by preparing a will making a testamentary bequest to himself and, alternatively, to his wife. Finding respondent engaged in professional misconduct, we now turn to the discussion of an appropriate sanction.
The purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152. The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839.
This court has not previously had the occasion to confront a violation of Rule 1.8(c). The comments to ABA Model Rule *1288 1.8(c) indicate the purpose of that rule is to ensure that in cases where a client wishes to give a substantial gift requiring preparation of a legal instrument such as a will or conveyance, the client "should have the detached advice that another lawyer can provide." The purpose of the rule is prophylactic in nature, as it designed to ensure that the client has the advice of an independent lawyer prior to making a substantial gift. By depriving his client of the opportunity for such independent advice, respondent's actions creates de facto harm.
Respondent attempts to characterize his actions as negligent, on the grounds that he was unaware of the existence of Rule 1.8(c). Clearly, this defense carries little weight, as it is well-settled that "ignorance of the Disciplinary Rules which set forth the minimum level of conduct below which no lawyer may fall without being subject to disciplinary action is no excuse." Louisiana State Bar Ass'n v. Marinello, 523 So.2d 838, 842 (La.1988) (citing Louisiana State Bar Ass'n v. Thalheim, 504 So.2d 822 (La.1987)).
Moreover, even assuming that respondent was initially unaware of Rule 1.8(c), he became aware of the rule at some point during this lengthy litigation, yet refused to acknowledge its applicability. Most telling in this regard is respondent's own testimony during the civil trial. The following exchange occurred when Mrs. Parham's nephews' attorney questioned respondent about the Rule 1.8(c) violation in the succession litigation:
Q: Mr. Grevemberg, what do you think the reason is for Rule 1.8(c)? Don't you think the reason is so that lawyers won't exercise undue influence on their clients and prepare wills in which they are made substantial legatees and not give them an opportunity to go to a separate independent lawyer?
A: To be honest, yes. I think that's what it probably meant. What is undue influence? You are entitled to a trial to see whether you exercised undue influence. It is not an automatic decree. It is not going to be insinuated or assumed because that happened.... I have rights, property rights. My wife has property rights, and I don't subscribe that 1.8 makes sense. They can disbar me if I violated the ethics. They can discipline me, if I violated the ethics. But when it comes to property rights, I am entitled to a hearing on property rights. [Emphasis added].
We conclude this testimony reveals a conscious decision by respondent to disregard his ethical obligations under Rule 1.8(c) by continuing litigation at a time when he was clearly aware he was in violation of the rule. Quite simply, respondent placed his hopes of potential recovery under the will ahead of any disciplinary sanctions he might receive for violating the professional rules. In light of respondent's clear and unambiguous testimony, it is difficult for this court to accept his representation that his actions were merely negligent.
In determining an appropriate baseline sanction, we look to Standard 4.32, which provides that suspension is generally appropriate when a lawyer knows of a conflict, fails to disclose it to the client and causes injury. We conclude respondent was aware of the conflict, and his failure to advise his client of such caused harm by preventing his client from obtaining the advice of independent counsel. Therefore, the baseline sanction is suspension.
As aggravating factors, we recognize respondent's substantial experience in the practice of law and refusal to acknowledge the wrongful nature of his conduct. In mitigation, we note respondent's reputation and good character and his lack of significant prior discipline.
*1289 Considering all these factors, we conclude the appropriate discipline for respondent's misconduct is a one-year suspension from the practice of law.[4]

DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Lee C. Grevemberg be suspended from the practice of law in Louisiana for a period of one year. Respondent shall complete the ethics school program offered through the Louisiana State Bar Association. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court's judgment until paid.
NOTES
[1] Rule 1.8(c) provides "a lawyer shall not prepare an instrument giving the lawyer or person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee."
[2] Respondent's prior disciplinary history involves a formal private reprimand imposed in 1976 by the Committee on Professional Responsibility stemming from allegations that respondent neglected to communicate with a client. See, COPR File No. 3877, 6/18/76.
[3] Standard 4.32 provides suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client. Standard 4.33 provides reprimand is generally appropriate when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interest, or whether the representation will adversely affect another client, and causes injury or potential injury to a client. Standard 7.2 provides suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes serious or potentially serious injury to a client, the public, or the legal system. Standard 7.3 provides reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal profession.
[4] In In re: Blair, 02-B-2164, 840 So.2d 1191, rendered this day, we imposed a three-month suspension on an attorney who violated Rule 1.7(b) and 1.8(c). We concluded a lesser sanction was appropriate in that case because the attorney's violation of the rules was negligent, rather than knowing, as in the instant case.