ATTORNEY DISCIPLINARY PROCEEDINGS

LPER CURIAM*
This attorney disciplinary matter arises from three counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James A. Dunn, Jr., an attorney licensed to practice law in the State of Louisiana. The formal charges allege violations of Rules 1.3 (lack of due diligence), 1.4 (communication with clients), 1.5(f) (failure to refund unearned fees), 1.16(d) (failure to return client documents at termination of representation), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Supreme Court Rule XIX, § 9(c) (knowing failure to respond to a lawful request from a disciplinary authority).
UNDERLYING FACTS
In February, 1990, respondent was retained by Elaine and Trenise Williams to complete and file an act of sale on their behalf. Despite repeated requests, respondent did not communicate with his clients and did not file the act of sale until February, 1993, resulting in the improper assessment of property taxes to his clients.
In February of 1994, respondent was retained again by Mrs. Williams to file and complete her claim for personal bankruptcy, and in October, 1995, to handle her divorce. Respondent failed to complete these matters and failed to communicate with his client.[1]
*640 In an unrelated matter, respondent was retained, in November, 1994, by Janelle Ogden-Brown to file and complete a divorce on her behalf. Although respondent did some work on Ms. Ogden-Brown’s case, he failed to obtain a divorce for her, failed to communicate with |2his client and faded to account for or return an unearned fee.
In connection with both the Williams complaint and the Ogden-Brown complaint, the ODC requested responses from respondent. Respondent failed to comply with these requests until subpoenas were issued compelling his cooperation.
DISCIPLINARY PROCEEDINGS
On December 30, 1996, the ODC instituted formal charges against respondent. The hearing committee conducted a formal hearing, but respondent failed to attend, despite receiving notice. Subsequently, respondent filed a post-hearing memorandum in which he admitted to the alleged misconduct. In mitigation, he stated his negligence was grounded in depression which he had been experiencing for eight to ten years and that his problems were exacerbated by his denial that anything was wrong.
On September 11, 1997, the hearing committee filed its findings and recommendation with the disciplinary board. The committee found respondent admitted that he failed to complete the services for which he was retained, failed to communicate with his clients and knowingly ignored matters for which he was retained, all in violation of the professional rules as charged. As to injuries to his clients, the committee found Mrs. Williams had an outstanding tax bill, plus penalties and interest, which she is incapable of paying. Ms. Ogden-Brown was deprived of $341 paid for the divorce because, although respondent prepared the papers, he failed to timely pursue the matter.[2]
Relying on the ABA Standards for Imposing Lawyer Discipline, the committee determined the baseline sanction was suspension when a lawyer knowingly fails to perform a service for a client and causes injury to that client. Moreover, it stated suspension was appropriate when a lawyer engages in conduct in violation of the duty owed to the profession and especially when a lawyer has previously been reprimanded for similar conduct in the past. While noting the aggravating factor of respondent’s prior disciplinary history,[3] the committee 13recognized as mitigating factors respondent’s treatment for depression and absence of a selfish motive. Based on these considerations, the committee recommended respondent be suspended for a period of one year and one day with all but six months and one day deferred. It further recommended respondent be placed on two years supervised probation, and that he be ordered to make restitution and seek psychological treatment.
At the hearing before the disciplinary board, respondent and disciplinary counsel agreed to allow further mitigating evidence regarding respondent’s medical condition to be placed in the record. In connection with this agreement, the ODC propounded five questions to respondent’s doctor, Dr. Stanley Roskind of Methodist Behavioral Resources. In response, Dr. Roskind provided a one page hand-written report confirming that respondent suffers from recurrent major depression, but indicating that his prognosis was good if he followed the recommended treatment protocol.
On March 23, 1998, the disciplinary board filed its recommendation with this court. Af *641 ter considering the medical evidence, the board concluded that respondent’s longstanding depression, as well as his remorse and absence of selfish motive, should be considered as mitigating factors which “weigh heavily in consideration of the disciplinary action to be taken.” Accordingly, the disciplinary board deviated from the recommen-datipn of the hearing committee and proposed that respondent be suspended from the practice of law for a period of one year and one day, but that all of this suspension be deferred pending successful completion of a one-year supervised probationary period subject to conditions.[4]
|4The ODC filed a timely objection to this recommendation. Accordingly, pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the matter was set for oral argument.
DISCUSSION
Since respondent has essentially admitted all the allegations against him, the sole issue raised is the appropriateness of the sanction. We agree with the disciplinary board that weight should be given to the mitigating factors in this case, including respondent’s demonstration of remorse for his actions and his recurrent depression. Nonetheless, the fact remains that respondent’s misconduct caused tangible harm to his clients, in that it caused Mrs. Williams to pay additional property taxes and delayed Mrs. Ogden-Brown’s divorce. This factor, combined with respondent’s prior disciplinary record, justifies some period of actual suspension in this case. Accordingly, we find a suspension from the practice of law for a period of one year, with all but six months deferred, followed by a two year period of supervised probation, is appropriate discipline under these facts.
IfiDECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, oral argument and briefs, it is the decision of this court that respondent, James A. Dunn, Jr., be suspended from the practice of law for a period of one year, with all but six months of this suspension deferred. Following the completion of the active portion of this suspension, respondent shall be placed on supervised probation for a period of two years, subject to those conditions recommended by the disciplinary board, except that the first condition is modified to provide that respondent shall present proof to the Office of Disciplinary Counsel that he has made restitution or good faith efforts at restitution. All costs of this matter are assessed against respondent.

 Calogero, C.J. not on panel. Rule IV, Part 2, § 3.

. The formal charges also alleged that respondent failed to timely return an unearned fee; *640 however, this contention was withdrawn prior to the hearing.

. Ms. Ogden-Brown's husband ultimately filed his own suit for divorce, which was granted in May, 1996.

. On March 9, 1988, respondent was formally reprimanded for his failure to advise his client that he named the wrong party in a lawsuit filed on behalf of'his client and for making inaccurate and misleading statements thereby prejudicing his clients’ right to timely seek action against the correct party. In re: Dunn, File No. 80533. On August 31, 1992, respondent was admonished for neglect of a legal matter, failure to communicate with his client, failure to refund an unearned fee and failure to cooperate with the ODC. In re: Dunn, File No. 92-ADB-031. On August 24, 1994, respondent was admonished for his failure to cooperate with the ODC and engaging in conduct prejudicial to the administration of justice. In re: Dunn, File No. 94-ADB-029.

.The disciplinary board proposed the following conditions to reinstatement:
1. Restitution to Elaine Williams with interest and penalties owed to the City of New Orleans as a result of the failure to properly record the act of sale. Also, he is to make restitution of all fees and costs advanced by Ms. Ogden-Brown;
2. Respondent shall continue his psychological treatment and medication, during his probation with quarterly reports to his probation monitor from his psychiatrist or psychologist;
3. Respondent shall verify that in addition to the regular CLE requirements, he has taken six CLE hours in management of a small or solo firm law during his probationary period;
4. Respondent shall be supervised by a probation monitor who has more than ten years legal experience in a small firm who will review respondent's open cases at the beginning, middle and end of his probation; and will assist respondent in developing and using internal controls and systems for managing cases, answering correspondence and meeting deadlines;
5. The probation monitor shall be authorized to demand medical intervention if, in the probation monitor's opinion, such intervention is required to protect respondent's clients;
6. Respondent shall fully comply with the Rules of Professional Conduct, and shall promptly and fully cooperate with ODC for requests for information;
7. The probation monitor shall immediately inform ODC if at any time during the one-year period of probation, respondent's compliance with any condition is unsatisfactory or that there is a potential for harm to the public;
8. Respondent shall pay all costs of these proceedings; and
9. Within sixty days of the entry of the Court’s order, respondent shall enter into a payment plan and, if necessary, a promissory note on the restitution and costs of these proceedings.