ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.*
. This disciplinary matter arises from a rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James A. Dunn, Jr., an attorney licensed to practice law in the State of Louisiana.
On September 18, 1998, this court suspended respondent for a period of one year, with all but six months deferred, to be followed by a two-year period of supervised probation subject to nine conditions. In re: Dunn, 98-0760 (La.9/18/98), 717 So.2d 639.[1] These conditions generally required respondent to provide restitution to his former clients, to take additional continuing legal education in the management of a small or solo law firm, to permit his practice to be supervised by a probation monitor, to comply with the Rules of Professional Conduct and to cooperate with the ODC’s requests for information, to pay all costs of the disciplinary proceedings, and to enter into a payment plan or sign a promissory note for restitution and costs within 60 days of the court’s order.
l2On July 19, 1999, the ODC filed a rule to revoke respondent’s probation and to make his one-year suspension executory. The ODC alleged that respondent violated two conditions of his probation, including (1) fading to promptly and fully cooperate with the ODC’s requests for information[2] *920 (a violation of Condition Six of respondent’s probation), and (2) failing to enter into a payment plan and/or sign a promissory note for restitution and costs of these proceedings (a violation of Condition Nine of respondent’s probation).
DISCIPLINARY BOARD RECOMMENDATION
Citing Supreme Court Rule XIX, § 23[3] and In re: Akilah Mawusi Ali f/k/a Connie Welcome-Sadler, 99-0659 (La.3/31/99), 733 So.2d 1183, the disciplinary board noted that an attorney’s period of probation does not begin until the requirements for reinstatement are satisfied. Since respondent has not satisfied any of the requirements for reinstatement set forth in Rule XIX, § 23, the board concluded that respondent’s probationary period has not yet begun and that respondent remains ^suspended from the practice of law in this state. Accordingly, the board recommended that the rule to revoke respondent’s probation be denied as premature.
Neither party filed an objection in this court to the board’s recommendation.
DISCUSSION
Respondent has already served the active portion of the suspension imposed by this court on September 18, 1998. Because the suspension period was less than one year, respondent would be eligible for reinstatement simply by complying with Supreme Court Rule XIX, § 23, without the need for a formal application for reinstatement to this court.
Respondent has failed to comply with the requirements of that rule, and he remains suspended. Accordingly, his probationary period has not yet begun. The ODC’s rule to revoke respondent’s probation is premature.
DECREE
Considering the Rule to Revoke Probation filed by the Office of Disciplinary Counsel, and upon review of the findings and recommendation of the disciplinary board, it is ordered that the disciplinary board’s recommendation be accepted and the Rule to Revoke Probation be denied as premature.

 Kimball, J., not on panel. Rule IV, Part II, § 3.

. This matter arose from the filing of three counts of formal charges against respondent by the ODC, alleging neglect of a legal matter, failure to communicate with the client, failure to refund an unearned fee, failure to properly terminate the representation, and failure to cooperate with the ODC in its investigation.

. After the ODC instituted formal charges against respondent in the underlying matter, but before this court rendered its judgment, the ODC received three new complaints against respondent. Respondent received copies of the complaints by certified mail and was asked to respond within 15 days. Although respondent filed a response to the first complaint, he did not file an adequate re *920 sponse to the second complaint and filed no response to the third complaint. In addition, respondent was personally served with a subpoena to appear before the ODC and to produce his files in the three matters at issue, but he failed to appear or to provide the requested documents.

. Supreme Court Rule XIX, § 23 provides:
A lawyer who has served a suspension period of one year or less pursuant to disciplinary proceedings, exclusive of any waivers or periods of deferral, shall be reinstated at the end of the period of suspension by filing with the court and serving upon disciplinary counsel an affidavit stating that the lawyer has fully complied with the requirements of the suspension order, has filed the attorney registration statement required by Rule XIX, § 8(C) of these rules, and has paid currently owed bar dues, disciplinary administration and enforcement fees, filing fees and disciplinary costs. A certificate from the Administrator of the Disciplinary Board shall be attached to such affidavit evidencing that the lawyer has paid all disciplinary costs.