*322 ATTORNEY DISCIPLINARY PROCEEDINGS
liPER CURIAM.*
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Patricia S. Carreras, an attorney licensed in Louisiana, but currently ineligible to practice law.[1]
UNDERLYING FACTS
In December 1990, Paul Gayhart paid respondent $420 to initiate bankruptcy proceedings on his behalf. However, respondent performed no legal services in connection with the representation, failed to communicate with her client, and failed to account for the fee Mr. Gayhart paid or to return the unearned portion of the fee.[2] The ODC also alleges that respondent has failed to update her primary registration statement address, as required by Supreme Court Rule XIX, § 8(C).
1 ^DISCIPLINARY PROCEEDINGS
Following an investigation, the ODC filed one count of formal charges against, respondent, alleging that her conduct in the Gayhart matter violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 1.5 (fee arrangements) of the Rules of Professional Conduct. Respondent failed to answer or otherwise reply to the formal charges, and the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). Accordingly, no formal hearing was held, and the matter was submitted to the hearing committee solely on documentary evidence.

Hearing Committee Recommendation

After reviewing the record, the hearing committee agreed that respondent knowingly failed to perform services for a client and failed to return an unearned fee, thereby causing injury to her client and revealing a dishonest or selfish motive. The committee suggested that on this basis alone, a lengthy suspension is appropriate. In addition, however, the committee felt that a lengthy suspension is justified given respondent’s refusal to participate in this disciplinary proceeding. Under these circumstances, the committee recommended respondent be suspended from the practice of law for one year and one day and that she be ordered to pay restitution to Mr. Gayhart.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

13Disciplinary Board Recommendation

The disciplinary board found that respondent violated a duty owed to her client and to the profession, and that her conduct was at least knowing, if not intentional. The board suggested that respondent *323 knew or should have known that she was obligated to file Mr. Gayhart’s bankruptcy petition or return to him the $420 unearned fee. By failing to perform services for the client, respondent caused actual injury to him and he lost $420. The board found that dishonest or selfish motive is an aggravating factor, and that there are no mitigating factors present.
' Considering the ABA’s Standards for Imposing Lawyer Sanctions[3] and the prior jurisprudence,[4] the board concluded a suspension from the practice of law of one year and one day is appropriate. The board further recommended that respondent be ordered to pay restitution to Mr. Gayhart, and that she be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record supports the finding of the hearing committee that respondent neglected her client’s bankruptcy matter, failed to communicate with him, and made no attempt to restore the $420 fee he paid, causing actual harm to her client. We 14further take notice of respondent’s apparent disregard for her professional obligations in this state, as evidenced by her failure to participate in these proceedings and her failure to pay her bar dues/disciplinary assessment or fulfill her mandatory continuing legal education responsibilities. Under the circumstances, we will adopt the disciplinary board’s recommendation and impose upon respondent a suspension from the practice of law of one year and one day. Additionally, we will adopt that portion of the board’s recommendation ordering respondent to account for the fee Mr. Gayhart paid, and to make restitution to him of any unearned portion.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Patricia S. Carreras be suspended from the practice of law in Louisiana for a period of one year and one day. Respondent is ordered to render an accounting to her client and to make restitution of any unearned portion of the fee paid by him. Respondent’s payment of restitution or good faith efforts at restitution may be considered in the event respondent seeks reinstatement to the practice of law. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Traylor, J., not on panel. Rule IV, Part II, § 3.

. The record contains a certificate from the Louisiana State Bar Association ("LSBA”) which reflects that respondent has been ineligible to practice law since May 30, 1995 for non-compliance with mandatory continuing legal education requirements; since September 6, 1995, for non-payment of 1995-96 LSBA membership dues; and since January 1, 1996, for non-payment of the Rule XIX disciplinary assessment.

. Mr. Gayhart eventually handled the bankruptcy filing himself.

. Standard 4.12 suggests that suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. Under Standard 4.42, suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.

. The board concluded that the sanction recommended by the hearing committee is in line with In re: Kendrick, 98-0623 (La.4/3/98), 710 So.2d 236, in which this court accepted a petition for consent discipline proposing a one year and one day suspension based on misconduct similar to that at issue in the instant case.