*890 ATTÓRNEY DISCIPLINARY PROCEEDINGS
1PER CURIAM.
This disciplinary matter arises from three counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James A. Dunn, Jr., an attorney licensed to practice law in Louisiana, but currently suspended.[1]
FORMAL CHARGES
Count I — The White Matter
In January 1993, Dorothy Jean White retained respondent to assist in having her daughter, Tameka, a special education student, placed in a public school in Jefferson Parish. Respondent eventually filed suit on Tameka’s behalf against the Jefferson Parish School Board. However, respondent took no action in the case and refused to communicate with Mrs. White. In October 1997, Mrs. White received a letter from respondent indicating that in light of his “other business projects,” he did not anticipate that he would be practicing law by the end of that year. Mrs. White then demanded respondent refund more than $4,000 in legal fees she paid, but to no avail. Despite repeated requests, respondent also refused to return Mrs. White’s file to her.
pin November 1997, Mrs. White filed a complaint against respondent with the ODC. In his reply to the complaint, respondent denied that Mrs. White paid the amount of legal fees she claimed; however, he refused to supply an accounting, despite *891 the ODC’s request that he do so. Respondent also twice failed to appear for sworn statements pursuant to subpoena.
Count II — The Stewart Matter
In October 1997, Cornell and Paula Stewart paid respondent $425 to handle a bankruptcy matter on their behalf. Respondent failed to communicate with the Stewarts and failed to file their bankruptcy petition, causing Mrs. Stewart’s wages to be garnished. In May 1998, two months after the Stewarts filed a complaint against respondent with the ODC, he refunded the $425 fee they paid. Respondent also failed to cooperate with the ODC in its investigation of the complaint, and he failed to appear for a sworn statement pursuant to subpoena.
Count III — The Collins Matter
In November 1997, Claudia Ann Collins paid respondent $812 to handle her divorce. Respondent failed to communicate with Ms. Collins and failed to file the petition for divorce or otherwise take any action on her behalf. He also failed to refund the unearned portion of the fee Ms. Collins paid.[2] Finally, respondent failed to cooperate with the ODC in its investigation of the complaint filed by Ms. Collins.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed three counts of formal charges against respondent. The ODC alleges that respondent’s conduct violated the following Rules Lof Professional Conduct: Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.15 (safekeeping property of clients or third persons), and 8.4(g) (failure to cooperate with the ODC in its investigation). Respondent answered the formal charges and denied any misconduct.

Hearing Committee Recommendation

Prior to a formal hearing on the merits, respondent and the ODC stipulated “to certain facts and rule violations set forth in the Formal Charges such that a hearing solely on the issue of sanctions will be necessary.” The joint stipulation submitted by respondent and the ODC sets forth the following facts:
1. Respondent represented Dorothy White over a period of approximately five years regarding placement of her daughter in the Jefferson Parish school system.
2. Respondent admits that toward the end of the five-year period that he represented Dorothy White, he failed to communicate with her regarding the status of the case and ignored Mrs. White’s attempts at communication with him, in violation of Rule 1.4 of the Rules of Professional Conduct.
3. Respondent admits that Dorothy White paid him approximately $4,100 in fees over the five-year period of his representation and that he has failed to render a detailed accounting of same. Respondent farther admits that Mrs. White has demanded a refund of some or all of the attorney’s fees paid to him and there exists a fee dispute between respondent and Mrs. White. Respondent farther admits that he has failed to take the required steps to resolve this fee dispute, in violation of Rule 1.5(f)(6). Respondent admits that he failed to surrender to Mrs. White her file papers and property at the end of the representation and |4further failed to properly sever their attorney-client relationship such that he did not formally with *892 draw from representation, either by giving reasonable notice to Mrs. White or allowing time for employment of other counsel, in violation of Rule 1.16(d) of the Rules of Professional Conduct.
4. Respondent agrees to enter into ■ binding arbitration, pursuant to the arbitration program established by the Louisiana State Bar Association with regard to the fee dispute between respondent and Dorothy White as a condition to reinstatement to the practice of law.
5. Respondent failed to provide the ODC with a detailed accounting of funds paid to him by Dorothy White despite specific requests that he provide same, in violation of Louisiana Supreme Court Rule XIX, § 9(c) and Rule 8.4(g) of the Rules of Professional Conduct.
6. Respondent failed to appear for a sworn statement at the ODC’s office in Baton Rouge on three separate occasions despite the fact that subpoenas were issued for his appearance on March 27, 1998, May 14, 1998, and November 30, 1998, in violation of Rule 8.4(g) of the Rules of Professional Conduct.
7. Respondent was retained and was paid $425 by Cornell and Paula Stewart in October 1997 to file for bankruptcy on their behalf.
8. Respondent admits that he failed to do any work in furtherance of the Stewart bankruptcy and failed to communicate with his clients, in violation of Rules 1.3 and 1.4 of the Rules of Professional Conduct.
9. Respondent refunded the $425 fee paid by the Stewarts and further admits that the refund was not paid until May 22,1998.
10.Respondent failed to respond to the ODC regarding the Stewart complaint, in violation of Louisiana Supreme Court Rule XIX, § 9(c) and Rule 8.4(g) of the Rules of Professional Conduct.
| Bll. Respondent was hired and paid $312 by Claudia Collins in November 1997 to represent her in a divorce.
12. Respondent failed to do any work on Ms. Collins’ behalf and failed to communicate with his client, in violation of Rules 1.3 and 1.4 of the Rules of Professional Conduct.
13. Respondent admits that he failed to respond to the ODC regarding the Collins complaint, in violation of Louisiana Supreme Court Rule XIX, § 9(c) and Rule 8.4(g) of the Rules of Professional Conduct.
14. Respondent has recently made restitution to Ms. Collins.
15. On September 18, 1998, in Dunn I, respondent was suspended from the practice of law for a period of one year, with all but six months deferred, followed by a two-year period of supervised probation subject to nine conditions.
16. Respondent has served the active portion of the suspension in Dunn I. However, he has not satisfied any of the requirements for reinstatement. Therefore, he remains suspended from the practice of law.
17. Respondent agrees to satisfy the nine conditions of the probation as set forth by the Louisiana Supreme Court in Dunn 7 as a condition of reinstatement to the practice of law in Louisiana, in addition to any further discipline rendered as a result of the instant matter.
18. Respondent was diagnosed with and suffers from chronic severe depression and suffered from same *893 during the time of his misconduct in these matters. Such depression may be treated with medication and psychotherapy, however, respondent has not sought treatment for same due to his financial condition.
19. Respondent specifically agrees that he shall seek and receive psychological treatment and medication (in accordance with the recommendations of his | (¡treating physicians) and provide proof of same as a condition of his reinstatement to the practice of law.
20. Respondent acknowledges his prior discipline, but is nonetheless able to produce evidence of good character.
21. Respondent has demonstrated remorse for his misconduct.
The hearing committee chairman granted the parties’ request to limit the formal hearing solely to the issue of an appropriate sanction. Following the hearing, the committee found clear and convincing evidence that the stipulated facts are correct. In addition, the committee found the following additional facts:
1.At the time of the hearing, respondent was subject to a Supreme Court order to make restitution to Elaine Williams in connection with his failure to properly record an act of sale; however, respondent had not made restitution to Ms. Williams at that time. Ms. Williams testified that due to respondent’s failure to properly record the act of sale, she incurred interest and penalty charges to the City of New Orleans in the amount of approximately $4,500. In order to pay these charges, Ms. Williams was forced to take out a loan, which she has repaid with interest over a period of years. The hearing committee has received no evidence indicating that respondent ever made restitution to Ms. Williams in accordance with the Supreme Court’s order.
2. At the time of the hearing, respondent was subject to a Supreme Court order to make restitution to Janelle Ogden in connection with his failure to obtain a divorce for Ms. Ogden; however, respondent had not made restitution to Ms. Ogden at that time. The hearing committee has received no evidence indicating that respondent ever made restitution to Ms. Ogden in accordance with the Supreme Court’s order. At the hearing, respondent agreed to make restitution |7to Ms. Ogden in the amount of $341.50, plus judicial interest from the date Ms. Ogden initially paid this amount to respondent in September 1994.
3. Respondent was diagnosed in 1997 with major depression. After evaluating respondent on October 4, 2000, Dr. Susan C. Noble, Ph.D., LPC, recommended that respondent seek counseling for the purpose of transitioning back into the arena of practicing law, and also explore career options in the field of law that can offer him more variety and challenge than his previous practice.
Based on these factual findings, the committee determined that the baseline sanction for respondent’s misconduct is a suspension. The committee found respondent’s misconduct caused injury to his clients and the profession, in particular his violation of the conditions of the probation imposed in Dunn I. Moreover, the extent of the injuries to respondent’s clients should also be considered. Respondent did perform legal services on behalf of the White family *894 and their minor daughter over a period of years; however, the Whites were suddenly cut off from all communication with respondent when he sent them a letter simply stating that he was no longer practicing law. Respondent also failed to account for over $4,000 paid to him by the Whites. Respondent performed no work for the Stewarts, who retained him to file a bankruptcy petition. The effect of respondent’s neglect was significant, because Mrs. Stewart’s wages were garnished, causing not only financial hardship, but extreme embarrassment. Although respondent did return the Stewarts’ retainer fee to them, he did so only after the complaint was filed. Respondent also performed no work for Ms. Collins, who retained him to file for divorce. He also would not respond to Ms. Collins’ attempts to contact him. Respondent admitted in his answer to the formal charges that he owes Ms. Collins a refund, but he has never contacted her to discuss the matter.
Is As aggravating factors, the committee recognized respondent’s prior disciplinary history,[3] pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process, substantial experience in the practice of law (admitted 1977), and indifference to making restitution. The only mitigating factor recognized by the committee is respondent’s good character and reputation.[4]
In light of these considerations, the committee recommended that respondent be suspended from the practice of law for six months, followed by a six-month period of supervised probation subject to specified conditions.[5]
The ODC objected to the leniency of the discipline recommended by the hearing committee. Respondent did not file an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board found that the hearing committee’s factual findings are supported by the record and are not mani *895 festly erroneous. The board also agreed that the Rules of Professional Conduct |aand this court’s Rule XIX, § 9(c) were violated as set forth in the joint stipulation submitted by the parties. The board adopted the aggravating factors found by the committee, and found the additional mitigating factor of personal or emotional problems is present.[6]
The board found respondent knowingly violated duties owed to his clients and to the profession. Actual injury is present in that respondent neglected Mrs. White’s matter, causing delay in the case; he also failed to promptly return her file materials and to properly terminate his representation in the case. Although respondent has now agreed to enter into binding fee arbitration with Mrs. White, he failed to account to her for over $4,000 in fees she paid to him. Respondent also failed to file the bankruptcy requested by the Stewarts, causing Mrs. Stewart’s wages to be garnished. As to the Collins matter, respondent has stipulated that he failed to do any work in the divorce case, resulting, at a minimum, in the delay of Ms. Collins’ case.
In light of these considerations, the ABA’s Standards for Imposing Lawyer Sanctions,[7] and the prior jurisprudence,[8] the board recommended that respondent be suspended for one year and one day. The board noted that such a sanction will require respondent to petition the court for reinstatement pursuant to Rule XIX, § 24. Further, |inbecause respondent has remained suspended since the imposition of this court’s order in Dunn I, the board further recommended that prior to filing the petition for reinstatement, respondent be required to fulfill the conditions set forth by the hearing committee in this matter, and that upon reinstatement, he be placed on supervised probation for a period of six months, to run consecutively with the two-year period of probation imposed in Dunn I.
One member of the disciplinary board dissented from the recommendation, on the ground that the aggravating factors present warrant a lengthier suspension.
Neither respondent nor the ODC objected to the recommendation of the majority of the disciplinary board.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record *896 to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our review, we find the record supports the findings of fact made by the hearing committee, and demonstrates that respondent neglected his clients’ legal matters, failed to communicate with his clients, failed to promptly return the unearned portion of the legal fees he was paid, and failed to cooperate with the ODC in its investigations.
In Having found violations of the Rules of Professional Conduct, we now turn to a determination of an appropriate sanction for this misconduct. The purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152; Louisiana State Bar Ass’n v. Levy, 400 So.2d 1355 (La.1981). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839; Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct in the White, Stewart, and Collins matters certainly falls well below the high standards expected of attorneys practicing in this state. Notably, however, this misconduct occurred during the same time period as the misconduct at issue in Dunn I. Under such facts, Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), requires that the discipline imposed in this case be determined as if both proceedings had been before the court simultaneously.
The baseline sanction for respondent’s misconduct in both Dunn I and the instant case would clearly have been a lengthy suspension. There are several mitigating factors present, the most significant of which is the serious depression from which respondent suffered during the relevant time frame. However, aggravating factors also exist, including respondent’s prior disciplinary record and his experience in the practice of law. Based on these factors, we conclude that had all of the misconduct been considered by the court in Dunn I, a suspension of eighteen months to two years would likely have been imposed. Respondent has already served an actual suspension of six months in Dunn I, and therefore we find that the one year and | iaone day suspension recommended by the disciplinary board in this case is appropriate discipline. We also agree that respondent would benefit from a period of supervised probation. Accordingly, we will suspend respondent from the practice of law for one year and one day, followed by a six-month period of supervised probation, to run consecutively with the two-year period of probation imposed in Dunn I.[9]
*897 DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that James A. Dunn, Jr. be suspended from the practice of law in Louisiana for a period of one year and one day, followed by a six-month period of supervised probation, which shall run consecutively with the two-year period of probation imposed in In re: Dunn, 98-0760 (La.9/18/98), 717 So.2d 639. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. This court previously suspended respondent for one year, with all but six months deferred, followed by two years of supervised probation with conditions. In re: Dunn, 98-0760 (La.9/18/98), 717 So.2d 639 (“Dunn I"). Following the active portion of his suspension, respondent failed to comply with the requirements of Supreme Court Rule XIX; § 23. Accordingly, he remains suspended from the practice of law. See also In re: Dunn, 99-2623 (La.2/4/00), 754 So.2d 919 (ODC filed a rule to revoke respondent's probation for his failure to comply with the terms of probation; this court held the rule was premature because the period of probation had not yet begun).

. In June 2000, respondent refunded $312 to Ms. Collins.

.In addition to the suspension this court imposed in Dunn I, respondent has received three admonitions and a formal reprimand. In 1997, he was admonished by the disciplinary board for neglecting a legal matter and failing to communicate with his client (97-ADB-046); in 1994, he was admonished for failing to cooperate with the ODC (94-ADB-029); and in 1992, he was admonished for neglecting a legal matter, failing to communicate with his client, failing to refund an unearned fee, and failing to cooperate with the ODC (92-ADB-031). In 1988, respondent was formally reprimanded for failing to advise his client that he named the wrong party in a lawsuit filed on behalf of the client and for making inaccurate and misleading statements, thereby prejudicing the client's rights against the correct party (COPR file no. 8053). The hearing committee pointed out that this prior misconcluct is substantially similar to the misconduct at issue in the present case.

. With respect to respondent’s depression, the committee pointed out his admission that he has not consistently undergone treatment for his condition, as ordered in Dunn I. In addition, while respondent has recently cooperated with the ODC, this follows a long history of failing to cooperate, even during a period of time when he was under an order of the court to do so. Finally, while the parties stipulated that respondent demonstrated remorse for his misconduct, the committee stated that it "would not go so far as to say he 'demonstrated' remorse given that he has failed to make restitution despite being under a court order to do so."

. The committee specifically noted that its recommendations "are in no way intended to supplant or modify any prior discipline to which Respondent is subject, and the suspension and probation periods provided for herein shall run cumulatively with any prior discipline.”

.The reports of both Dr. Stanley Roskind and Dr. Susan Noble substantiate that respondent was experiencing depression during or around the time of the misconduct at issue. Respondent visited Dr. Roskind twice in April 1997, but did not continue treatment because the costs were prohibitive. Respondent was referred to Dr. Noble by the disciplinary board in October 2000 for an evaluation to assess his current level of depression and to obtain treatment recommendations that would assure the board of his competency to practice law. Dr. Noble’s report states that she found no significant symptoms of depression, and that her present concern was prevention. At the formal hearing, respondent testified that his sister has agreed to pay for his treatment with a psychologist or other medical provider in order to prevent a relapse into depression.

. Standard 4.42 suggests that suspension is generally appropriate when a lawyer knowingly fails to perform services for a client, or engages in a pattern of neglect, and causes injury or potential injury to a client.

. In support, the board relied upon In re: Bergeron, 00-1386 (La.9/15/00), 768 So.2d 595; In re: Carreras, 00-1094 (La.6/16/00), 765 So.2d 321; and In re: Powers, 98-2826 (La.1/29/99), 731 So.2d 185. In each of those cases, the respondent attorney was suspended for one year and one day based upon misconduct that is substantially similar to the misconduct at issue in the present case.

. The disciplinary board also recommended that respondent's reinstatement be condi *897 tioned upon proof that he has fulfilled the conditions set forth by the hearing committee. Although we agree respondent must fulfill those conditions, in keeping with the court’s ordinary practice, we decline to impose conditions on reinstatement at this time. Such issues, along with any other relevant factors, may be addressed if and when respondent makes an application for reinstatement. See In re: Harris, 99-1828 (La.9/17/99), 745 So.2d 1172.