| ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Thomas G. McHugh, an attorney licensed to practice law in Louisiana but currently on interim suspension pursuant to a joint motion of the parties filed in June 2007.
 
 In re: McHugh,
 
 07-1337 (La.7/3/07), 960 So.2d 62.
 

 UNDERLYING FACTS
 

 The underlying facts of this matter are not in dispute, having been stipulated to by the parties.
 

 
 *160
 

 Count I
 

 On July 5, 2005, respondent agreed to represent Melissa Melancon in a juvenile proceeding for a $500 fee. The hearing was set for July 14, 2005. Between July 7, 2005 and July 11, 2005, Ms. Melancon paid respondent $500. Nonetheless, respondent failed to attend the hearing.
 

 By letter dated July 19, 2005, Ms. Me-lancon discharged respondent and asked for an accounting and a refund of the unearned fee. Respondent failed to respond to |j>Ms. Melancon, failed to provide an accounting, and failed to promptly refund the unearned fee.
 

 On February 17, 2006, respondent refunded the $500. On March 10, 2006, respondent paid Ms. Melancon legal interest for the period between July 18, 2005 and February 17, 2006. Respondent provided the ODC with a copy of both cancelled checks on May 12, 2008.
 

 Count II
 

 In July 2006, respondent abandoned his law practice and his clients, including, but not limited to, the following clients:
 

 1) Fred and Crystal Peltier — In July 2006, they paid respondent a $1,000 flat fee for a civil matter and a $1,500 flat fee for a criminal matter. By July 10, 2007, respondent refunded $2,500 plus legal interest;
 

 2) Patrick Latiolais — Between March 23, 2004 and May 3, 2004, he paid respondent a $15,000 flat fee for a criminal matter. Respondent admitted he was not present at Mr. Latiolais’ sentencing hearing and, therefore, intended to refund $500. On March 17, 2009, respondent refunded $500 plus $102.55 in legal interest;
 

 3) Kelly Hebert — Between December 4, 2004 and February 8, 2005, she paid respondent a $1,250 flat fee for a domestic case and a bankruptcy case. Respondent refunded $1,250 plus $354.56 in legal interest on August 15, 2008;
 

 4) Cannis Joseph Francois, Sr. — Between July 2005 and August 2005, he paid respondent a $1,500 flat fee for a community property case. |3Respondent refunded $1,500 on June 20, 2008 and refunded $257.02 in legal interest on July 25, 2008;
 

 5) Stephanie P. Kelley — On February 10, 2006, she paid respondent a $750 flat fee for a DWI case. Respondent refunded $750 on November 27, 2007 and refunded $160.56 in legal interest on July 24, 2008;
 

 6) Stephen Harrison — In February 2006, he paid respondent a $300 flat fee for an expungement matter. Respondent refunded $300 on November 27, 2007 and refunded $53.76 in legal interest on July 23, 2008;
 

 7) Kevin Wayne Perrodin — On September 16, 2005, he paid respondent $600 towards an $800 flat fee for a child support case. Respondent refunded $600 on November 27, 2007 and refunded $143.75 in legal interest on July 24, 2008;
 

 8) John Hubert Theriot — On March 3, 2006, he paid respondent a $1,500 flat fee for a DWI case. Respondent refunded $1,500 on June 26, 2008 and refunded $314.56 in legal interest on July 25, 2008;
 

 9) Christine A. Gaudin — On September 9, 2005, she paid respondent a $750 flat fee for a bankruptcy case. Respondent refunded $750 on June 30, 2008 and refunded $177.35 in legal interest on July 25, 2008;
 

 10)Juamarra Martin — -He paid respondent $1,600 on October 7, 2004 and $1,000 on November 17, 2005 for a
 
 *161
 
 criminal case. On October 7, 2008, respondent refunded $2,600 plus $739.36 in legal interest;
 

 11) Ellis Glenwood Gusler, III — Between February 11, 2005 and May 5, 2005, he paid respondent a $800 flat fee for two speeding ticket cases. Respondent refunded $800 on March 20, 2008 and refunded $189.29 in legal interest on August 15, 2008;
 

 |412) Humberto Cisnaros — He paid respondent an unknown fee for a criminal case. Respondent admitted he was not present at Mr. Cis-naros’s sentencing hearing and, therefore, intended to refund $500. Respondent’s attempts to locate Mr. Cisnaros to provide the refund has been unsuccessful thus far;
 

 13) Albert Stevens, Jr. — Between January 9, 2006 and March 28, 2006, he paid respondent a $6,000 flat fee for a criminal matter. Between December 12, 2008 and February 20, 2009, respondent refunded a total of $6,000. He also refunded $1,538.78 in legal interest on February 20, 2009.
 

 With the exception of the Latiolais and Cisnaros cases, respondent performed little or no legal work on behalf of his clients. Respondent also missed several court appearances in his clients’ cases, and in the Cisnaros case, he was held in contempt for failing to appear in court. In several of the above cases, respondent neither made an appearance nor filed any pleadings on his clients’ behalf. Respondent further failed to communicate with his clients and was unavailable to them, despite them efforts to contact him.
 

 When he abandoned his law practice, he failed to properly notify his clients, opposing counsel, and the courts that he was leaving the practice of law. He failed to file motions to withdraw in those cases in which he had appeared or filed pleadings. He also failed to account to his clients for the fees paid or promptly refund unearned fees.
 

 In a May 7, 2007 sworn statement to the ODC, respondent indicated that he intended to provide his clients with full refunds, including legal interest. When the ODC filed formal charges against him, respondent had not yet provided the ODC with | ¡-.documentation of said refunds. However, he later provided the ODC with copies of cancelled checks as proof of the refunds listed above.
 

 DISCIPLINARY PROCEEDINGS
 

 In April 2008, the ODC filed two counts of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent answered the formal charges and admitted his misconduct. However, he asserted that numerous mitigating factors were applicable.
 

 Prior to a formal hearing in this matter, respondent and the ODC entered into a joint stipulation of facts, as set forth above. Respondent also stipulated that he violated Rules 1.3, 1.4, 1.5(f)(5), and 1.16(d) of the Rules of Professional Conduct. However, he disputed that his conduct amounted to a violation of Rule 8.4(c). Because of the stipulations, respondent and the ODC agreed that a formal hearing was unnecessary. Accordingly, the hearing was can-celled, and the matter was submitted to the hearing committee based upon the rec
 
 *162
 
 ord, exhibits, and memoranda previously filed by the parties.
 

 Hearing Committee Report
 

 After considering the stipulation, exhibits, and memoranda, the hearing committee found that respondent admitted to the substantive factual allegations of the Informal charges and admitted to violating the alleged Rules of Professional Conduct with the exception of Rule 8.4(c). The committee, however, found that respondent did violate Rule 8.4(c).
 
 [1]
 

 The committee determined that, based on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the baseline sanction is disbarment. In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, vulnerability of the victims, and substantial experience in the practice of law (admitted 1996). As mitigating factors, the committee found the following: absence of a prior disciplinary record and full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings. The committee declined to find the mitigating factor of timely good faith efforts to make restitution because most of respondent’s efforts at restitution were made after the filing of formal charges.
 

 Under these circumstances, and after considering this court’s prior jurisprudence, the committee recommended that respondent be permanently disbarred.
 

 Respondent filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous. The board also determined that the committee correctly applied the Rules of Professional Conduct.
 

 The board determined that respondent knowingly and intentionally violated duties owed to his clients and the legal profession. Respondent caused serious actual 17harm to several clients by collecting advanced fees and conducting no work on the clients’ legal matters. After reviewing the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined that the baseline sanction is disbarment.
 

 The board agreed with the aggravating and mitigating factors found by the committee. In addition, the board accepted that respondent experienced symptoms of depression, anxiety, and stress at the time of the misconduct, though it assigned these personal and emotional problems very little weight in mitigation. With respect to restitution, the board recognized that respondent has paid restitution, plus legal interest, to all but one client, albeit in an untimely manner.
 

 Given respondent’s cooperation in these proceedings as well as his restitution efforts, the board determined that permanent disbarment is not warranted. Instead, the board recommended that respondent be disbarred. The board further recommended that respondent be ordered to continue his attempts to make restitution to Mr. Cisnaros.
 
 [2]
 

 
 *163
 
 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992). |sWhiIe we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 Respondent has stipulated to the factual allegations of the formal charges as set forth above in the underlying facts section. The record supports these facts. Respondent has also stipulated to violating Rules 1.3, 1.4, 1.5(f)(5), and 1.16(d) of the Rules of Professional Conduct. The record supports these rule violations, as well as a violation of Rule 8.4(c) based on respondent’s abandonment of his law practice without protecting his clients’ interests or promptly refunding unearned fees.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent knowingly and intentionally violated duties owed to his clients, the legal profession, and the legal system. His conduct caused actual harm to his clients. Under the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the baseline sanction for misconduct involving the abandonment of a legal practice is disbarment.
 

 The record supports the following aggravating factors: a pattern of misconduct, multiple offenses, vulnerability of the victims, and substantial experience in the | ¡practice of law. The record supports the following mitigating factors: absence of a prior disciplinary record, personal or emotional problems, and full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings.
 

 Based on the parties’ stipulation, respondent failed to promptly refund a total of $20,050 in unearned fees. Currently, he has repaid all but $500 of those fees, plus legal interest.
 

 Considering respondent’s good faith efforts at restitution, as well as the fact that he has no prior discipline and has cooperated fully in these proceedings, we will adopt the board’s recommendation and disbar respondent. We will further order respondent to continue his efforts to make restitution to Mr. Cisnaros.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and
 
 *164
 
 the disciplinary board, and considering the record, it is ordered that Thomas G. McHugh, Louisiana Bar Roll number 24551, be and he hereby is disbarred, retroactive to his July 3, 2007 interim suspension. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall make restitution of $500 plus legal interest to Humberto Cisnaros. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-pore,
 
 participating in the decision.
 

 [1]
 

 . The committee reasoned that, in the past, this court has treated an attorney's failure to refund unearned fees after abandoning his or her law practice as a conversion of client funds, which is a violation of Rule 8.4(c). See, e.g.,
 
 In re: Alleman,
 
 07-2060 (La.5/30/08), 982 So.2d 814.
 

 [2]
 

 . The board also indicated its hope that respondent will seek treatment for his personal and/or emotional problems before applying for readmission; however, the board stopped short of making treatment a condition of readmission, recognizing that the court does not impose conditions on sanctions requiring a formal application for reinstatement or re
 
 *163
 
 admission.
 
 In re: Dunn,
 
 02-2165 (La.11/8/02), 831 So.2d 889.